UNITED STATES

v.

Airman Basic Alvin L. LUKE, FR 114–58–5664 United States Air Force.

ACM 23388.

U. S. Air Force Court of Military Review.

Sentence Adjudged 18 Sept. 1981.

Decided 2 July 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Major George D. Cato.

Before POWELL, Senior Judge, and KASTL and MAHONEY, Appellate Military Judges.

## DECISION

KASTL, Judge:

In this case, we analyze when a prior inconsistent statement may be considered as substantive evidence under Mil.R.Evid. 801(d)(1)(A).

Despite pleas of not guilty, Airman Basic Luke was convicted by a military judge sitting alone as a general court-martial of three assaults, operating a passenger car recklessly, and willfully damaging military property, in violation of Articles 128, 111, and 108, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 911, 908. He was sentenced to a bad conduct discharge, confinement at hard labor for 19 months, and forfeiture of $400.00 per month for 19 months. One previous conviction was considered.

The three assaults, all committed against the accused's wife, occurred on 8 May 1981. The first assault involved kicking her with his boot; the second and third assaults both involved hitting her with a metal-tipped rubber hose at their on-base quarters. At trial, no testimony was introduced by the prosecution supporting the third assault, and Mrs. Luke specifically denied the incident. Trial counsel then sought to prove that offense through a security policeman, who recounted Mrs. Luke's prior inconsistent statement which implicated the accused in the third assault. The military judge ruled that Mrs. Luke's prior inconsistent statement would be considered solely for impeachment purposes.

Some background is necessary to understand the contentions of the parties. Historically, courts have limited the use of prior inconsistent statements to determining the witnesses' credibility.[1] Thus, most courts have excluded prior inconsistent statements from consideration when offered as substantive evidence.

The new Military Rules of Evidence change this practice. Under Mil.R.Evid. 801(d)(1)(A), a prior inconsistent statement by a witness is nonhearsay and admissible as substantive evidence if "given *under oath subject to the penalty of perjury* at a trial, hearing, or *other proceeding*, or in a deposition . . . ." (emphasis added).[2]

In the instant case, the Government asks that we accept the prior inconsistent statement as substantive evidence, not merely impeachment; thus, they ask that we broadly interpret Mil.R.Evid. 801(d)(1)(A) to include statements made to security police during an investigation. In contrast, the defense claims that the record discloses no substantive evidence of guilt as to this third assault, aside from the prior inconsistent statement; accordingly, the defense urges us to dismiss the finding and to reassess the sentence.

■ We hold that the statement in the instant case falls short of the requirements of Mil.R.Evid. 801(d)(1)(A). The statement was not made "under oath subject to the

---

1. *United States v. Castro-Ayon*, 537 F.2d 1055, 1056 (9th Cir. 1976) (collecting cases from Federal circuits restricting use of prior inconsistent statements to impeachment of the witnesses' credibility, under the old rules). State rules are unsettled. *See Gibbons v. State*, 248 Ga. 858, 286 S.E.2d 717, 721–722. *See generally*, 3 Wigmore, Evidence 997–998 and Supp. at 35–39 (Chadbourn ed. 1959) (gathers rules from state courts).

2. The significance of this provision and the change from prior military law is set forth in S. Saltzburg, L. Schinasi & D. Schleuter, Military Rules of Evidence Manual 339 (1981).

penalty of perjury;" moreover, the statement was not given in a trial, hearing, or similar proceeding.

■ Testimony before a grand jury may qualify as substantive evidence under the Rule. *United States v. Dennis*, 625 F.2d 782, 795–796 (8th Cir. 1980); *United States v. Coran*, 589 F.2d 70, 76 (1st Cir. 1978); *United States v. Morgan*, 555 F.2d 238, 242 (9th Cir. 1977); *United States v. Mosely*, 555 F.2d 191, 193 (8th Cir. 1977), *cert. denied*, 434 U.S. 851, 98 S.Ct. 163, 54 L.Ed.2d 120 (1977). Likewise, testimony before an Article 32 investigation or a court of inquiry may be admitted for the truth of its contents. Manual for Courts-Martial, 1969 (Rev.), paragraph 210; Articles 131 and 135, Uniform Code of Military Justice, 10 U.S.C. §§ 931, 935. Contrariwise, as ably explained in *United States v. Livingston*, 661 F.2d 239, 242–243 (D.C.Cir.1981):

> Courts of Appeals have generally found that statements made to investigating officials fail to qualify as made at a proceeding under Rule 801(d)(1)(A). *United States v. Ragghianti*, 560 F.2d 1376, 1381 (9th Cir. 1977) (prior statement obtained by Federal Bureau of Investigation in the course of a criminal investigation not admissible for substantive purposes); *Martin v. United States*, 528 F.2d 1157, 1161 (4th Cir. 1975) (statement before two investigating officers was not made at a proceeding and therefore does not qualify as substantive evidence); *United States v. Tavares*, 512 F.2d 872, 875 (9th Cir. 1975) (statements to FBI agent and sheriff's department officer not admissible for substantive purposes).

One exception to this line of cases is *United States v. Castro-Ayon*, 537 F.2d 1055

(9th Cir. 1976), *cert. denied*, 429 U.S. 983, 97 S.Ct. 501, 50 L.Ed.2d 594 (1976). There, the court found that sworn statements made to a Federal agent during an interrogation at a border patrol station were admissible as substantive evidence. The court treated the immigration proceeding as similar to a grand jury hearing. However, the court cautioned that:

> We do not hold, as the question is not before us, that every sworn statement given during a police-station interrogation would be admissible.

*United States v. Castro-Ayon, supra* at 1058.

We believe that *Castro-Ayon* is limited to its facts. In any event, we choose not to follow it.[3] Thus we find that, on the facts of this case, the prior inconsistent statement did not qualify as substantive evidence under Mil.R.Evid. 801(d)(1)(A).

Our holding comports with the analysis of commentators on this military rule of evidence and its Federal counterpart. The rule appears to reflect a deliberate intent to limit consideration, as substantive evidence, to a narrow class of prior statements genuinely worthy of belief, such as declarations given under formal legal authority with the requisite formalities. *United States v. Livingston, supra*, at 242 and n.n. 12–13.[4]

In the instant case, the prior inconsistent statement was the sole evidence establishing commission of the offense in Specification 3 of Charge I. We disapprove that finding of guilty, and order it dismissed. We will reassess the sentence.

The accused also argues that the military judge erred by not ordering a new pretrial advice. We disagree. *United States v.*

3. For the view that the court read the words "other proceeding" too broadly, see S. Saltzburg & K. Redden, Federal Rules of Evidence Manual 458 (1977). The authors reason that the Rule should apply only in hearings where the declarant regards the duty to tell the truth as the same, or nearly the same, as at trial. *See also* Analysis, Mil.R.Evid. 801(d)(1)(A). *See*, Manual for Courts-Martial, 1969 (Rev.), paragraph 210; *United States v. Alston*, 11 M.J. 656 (A.F.C.M.R.1981).

4. *See also*, S. Saltzburg, L. Schinasi & D. Schleuter, *supra*, at 458; S. Saltzburg & K. Redden, *supra*, at 338. The meaning of the term "other proceeding" was not discussed by Congress before the rule was enacted; except for a committee note that the term included grand jury hearings, no further comment addressed its purposes. Note, the Military Rules of Evidence: A Survey of Problem Areas in Sections IV, VI, VII, VIII and X, 12 The Advocate 153–154 (May-June 1980).

*Skaggs,* 40 C.M.R. 344, 346 (A.C.M.R.1968). *See also, United States v. Greenwalt,* 6 U.S. C.M.A. 569, 20 C.M.R. 285, 288 (1955) and *United States v. Dunn,* 44 C.M.R. 929, 935–936 (A.F.C.M.R.1972).

▆ We approve only so much of the sentence as extends to a bad conduct discharge, confinement at hard labor for 14 months, and forfeiture of $400.00 per month for 14 months. The findings of guilty and the sentence, both as modified, are

AFFIRMED.

POWELL, Senior Judge, and MAHONEY, Judge, concur.

UNITED STATES

v.

**Airman Basic Michael D. LOWERY, FR 556–53–4605 United States Air Force.**

**ACM 23404.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 Dec. 1981.

Decided 8 July 1982.