**UNITED STATES, Appellee,**

v.

**Specialist Five Earl POWELL, SSN 420–78–7301, United States Army, Appellant.**

**SPCM 18506.**

U.S. Army Court of Military Review.

29 Feb. 1984.

Colonel R. Rex Brookshire II, JAGC, Captain Alan D. Groesbeck, JAGC, and Captain Warren G. Foote, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Patrick M. Flachs, JAGC, and Captain Daniel N. Velling, JAGC, were on the pleadings for appellee.

Before HANSEN, McKAY and WATKINS, Appellate Military Judges.

OPINION OF THE COURT

McKAY, Senior Judge:

The appellant was convicted by a special court-martial of transfer (one specification) and possession (two specifications) of heroin.[1] The convening authority approved the adjudged sentence to reduction to the

---

1. In violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976).

grade of E–1, forfeiture of $367.00 pay per month for six months, confinement at hard labor for six months, and a bad-conduct discharge. The appellant assigns error to the admission into evidence of a written pretrial statement by Private Hernandez, an accomplice, that was inconsistent with her testimony.

Private Hernandez was the principal government witness and two days after her hospitalization from an overdose of heroin gave military police authorities (CID) a written sworn statement in which she admitted receiving the heroin from the appellant. At the trial she denied, to the government's surprise, that she received any heroin from the appellant. She was declared an adverse witness and her written statement (Prosecution Exhibit 1) was admitted as substantive evidence, over objection, under Military Rule of Evidence (MRE) 801(d)(1)(A). In the alternative the military judge declared it admissible under MRE 803(24), the residual hearsay exception.

 To be admissible under MRE 801(d)(1)(A), a statement must be inconsistent with the declarant's testimony, and have been "given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding...." See United States v. Luke, 13 M.J. 958 (A.F.C.M.R.1982); see also United States v. Whalen, 15 M.J. 872, 878 (A.C.M.R.1983). We agree with the appellant that Hernandez's statement to the CID was not one given under those conditions. As did the Air Force Court in United States v. Luke, 13 M.J. at 960, we find here that the decision in United States v. Castro-Ayon, 537 F.2d 1055 (9th Cir.), cert. denied, 429 U.S. 983, 97 S.Ct. 501, 50 L.Ed.2d 594 (1976) (statements made to federal agent during an interrogation at boarder patrol station admissible as substantive evidence)

does not control. We simply are unwilling to hold that MRE 801(d)(1)(A) extends to a statement made in a policeman's office during a non-advocatory, inquisitorial police investigation merely because an oath was administered. There is nothing in the legislative history of Federal Rule of Evidence 801(d)(1)(A), upon which MRE 801(d)(1)(A) was modeled, that warrants the conclusion that a routine police investigation was intended to be encompassed within the words "other proceeding."[2] Undoubtedly it was intended that "other proceeding" under the federal rule included grand jury proceedings.[3] It follows therefore that investigations under Article 32,[4] the military equivalent of grand jury proceedings, are included by the military rule. To analogize police investigations to these type proceedings in order to bring them within the purview of the rules, as the government argues, requires a stretch of the imagination beyond what is reasonable. Moreover, a routine police investigation is not a "judicial proceeding" or a "course of justice" required by Article 131, Uniform Code of Military Justice, 10 U.S.C. § 931 (1976) and paragraph 210, Manual for Courts-Martial, United States, 1969 (Revised edition), as a prerequisite to perjury. United States v. Luke, supra; cf. United States v. Whitaker, 13 U.S.C.M.A. 341, 32 C.M.R. 341 (1962) (accused charged with false swearing on basis of false answer to military police investigator who had placed him under oath prior to taking statement); United States v. Claypool, 10 U.S.C.M.A. 302, 27 C.M.R. 376 (1959) (false statement made under oath to "Criminal Investigation Detachment agent" constitutes offense of false swearing in violation of Article 134, UCMJ); United States v. King, 16 M.J. 990, 993 (A.C.M.R.1983) (police house interroga-

---

2. The meaning of the term "other proceeding" was not discussed before Congress enacted Federal Rule of Evidence 801(d)(1)(A). See 93d Cong., 2d Sess., 120 Cong.Rec. 39941–42 (1974). There is a committee note, however, that the term included a grand jury hearing. Note, United States v. Castro-Ayon: An Interpretation of Federal Rule of Evidence 801(d)(1)(A), 10 SW.U.L.Rev. 985, 987 (1978).

3. United States v. Castro-Ayon, supra; Note, United States v. Castro-Ayon: An Interpretation of Federal Rule of Evidence 801(d)(1)(A), supra note 2.

4. Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832 (1976).

tion cannot be compared to the solemnity of a trial). Accordingly, Hernandez's statement to the CID also failed to meet the test of being given under oath subject to penalty of perjury.

■ We agree with the government, however, that the military judge correctly determined that Hernandez's statement meets all the conditions of admissibility under MRE 803(24). At the trial she admitted making the pretrial statement but claimed that she had lied when she implicated the appellant. The reasons she gave for lying were that she was pressured by "CID agents" who threatened to get her boyfriend if she did not cooperate, that her statement would not cause harm to the appellant, and that she wanted the "CID" to think her overdose was her first use of heroin when in fact she had been using it for about a year. Even though we accept her admission that she used heroin in the appellant's room the day before she overdosed, the remainder of her testimony is lacking in credibility. Her story is that she asked the appellant for heroin on 16 March and was told to come to his room later after work. Upon arrival at the appellant's room she did not ask him for heroin, but just "shot some" which she had obtained elsewhere and brought along. She made no attempt to explain why she went to the appellant's room, when she already had heroin, or why she failed to renew her earlier request for heroin. It is also noteworthy that Hernandez misled the trial counsel as to what she would say until the time of her testimony at the appellant's trial. Finding Hernandez's explanation for changing her story to be unbelievable, we reject it.

On the other hand, however, we find that the record establishes that Hernandez's pretrial statement was sufficiently trustworthy to meet the requirements for admission into evidence under MRE 803(24). The statement was corroborated by an other-

wise uninvolved witness, Specialist Davis, who testified that when he asked the appellant if he had given Hernandez "the stuff", he replied he had given her "a piece", and that he would explain it to Hernandez's boyfriend. Davis understood the terms "stuff" and "piece" as street language meaning heroin. Further, Hernandez was subjected to extensive cross-examination at the trial by the appellant's counsel. Moreover, as in a similar case, *United States v. Whalen, supra*,[5] the statement here has many of the same guarantees of trustworthiness that are found in other hearsay exceptions. *Id.* at 878.[6] *See also United States v. Ruffin*, 12 M.J. 952 (A.F.C.M.R. 1982), *pet. denied*, 13 M.J. 494 (C.M.A.1982).

Having crossed the threshold of admissibility—trustworthiness, we also determine the pretrial statement meets the other requirements of MRE 803(24). It provides substantial evidence of the ultimate "material" fact in issue: that the appellant supplied her with heroin. *See* MRE 803(24)(A). As testimony of the only eyewitnesses to the appellant's conduct, the statement is more probative on the point for which it was offered than any other evidence available to the government. *See* MRE 803(24)(B). In light of the sudden, total, and wholly incredible revision of her story at trial and the apparently unaffected tenor of the pretrial statement, admission will not frustrate the purposes of the rules and will serve the interests of justice. *See* MRE 803(24)(C). Accordingly, we hold that Hernandez's pretrial statement to the CID was correctly admitted into evidence.

We have considered the remaining assignments of error and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Chief Judge HANSEN and Judge WATKINS concur.

---

**5.** The statement in *Whalen* was taken under virtually identical circumstances to that of Private Hernandez in this case.

**6.** *Compare United States v. Crayton*, A.C.M. 24040, 17 M.J. 932, (A.F.C.M.R.1984) (trust-

worthiness of recanted pretrial statement not established where there was a dearth of physical or testimonial evidence showing it represented the truth).