UNITED STATES, Appellee,

v.

Earl POWELL, Specialist Five, U.S. Army, Appellant.

No. 49995.
SPCM 18506.

U.S. Court of Military Appeals.

June 2, 1986.

For Appellant: *Captain Pamela G. Montgomery* (argued); *Colonel William G. Eckhardt, Lieutenant Colonel Arthur L. Hunt, Major Stephen R. Dooley, Captain Alan D. Groesbeck, Captain Martin Healy* (on brief).

For Appellee: *Captain Tarek Sawi* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Major Patrick M. Flachs* (on brief); *Captain Daniel N. Velling.*

*Opinion of the Court*

COX, Judge:

A special court-martial composed of members convicted appellant, despite his pleas, of one specification of wrongful transfer of heroin and two specifications of wrongful possession of heroin, all in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.[1] The issue before us is:

> WHETHER THE MILITARY JUDGE ERRED BY ADMITTING INTO EVIDENCE OVER DEFENSE OBJECTION THE PRIOR WRITTEN STATEMENT OF PVT HERNANDEZ AND WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED IN HOLDING THE STATEMENT ADMISSIBLE UNDER RULE 803(24).[2]

The rule referred to in the granted issue is Mil.R.Evid. 803(24), Manual for Courts-Martial, United States, 1969 (Revised edition), one of the two "residual hearsay"

---

1. His approved sentence includes a bad-conduct discharge, confinement for 6 months, forfeiture of $367.00 pay per month for 6 months, and reduction to the lowest enlisted grade.

2. Appellant makes no contention that his sixth-amendment right "to be confronted with the witnesses against him" was violated, and we do not perceive any such violation. *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

exceptions to the hearsay rule. *Cf.* Mil.R. Evid. 804(b)(5). We hold that the trial judge was within his discretion in admitting the evidence in this instance, and we affirm.

Private Gloria M. Hernandez, the declarant, first attracted official notice to herself in connection with this case when she was discovered unconscious in a locked stall in a women's latrine at a U.S. Army hospital in Frankfurt, Federal Republic of Germany. A hypodermic needle and a metal cup containing heroin were found in the stall with her. She had overdosed on heroin. Two days later, she made a sworn, written statement to Army Criminal Investigation Division (CID) officials in which she admitted having obtained the heroin on credit from appellant. According to her statement, she injected the contents of one packet of heroin in appellant's room at the time she acquired it; the next day, she used the other packet in the latrine where she was found. She also stated that appellant had used heroin with her in his room.[3]

At trial, however, when called as a prosecution witness, Hernandez' story changed significantly in some respects. She denied, for example, having ever acquired drugs from appellant or seeing him use drugs. She asserted that she bought the drugs from an unknown source in town and took them herself to appellant's room. Other than that, her story was largely unchanged. She admitted, for example, that she knew appellant was a heroin user; that she sought him out that day for the purpose of obtaining heroin from him; that he told her to "check with him after work"; that, in accordance with his suggestion, she went to his room after work; and that she

there "shot ... heroin" (the quantity she allegedly brought with her).

Hernandez also admitted that she had made the earlier statement to the CID agents and had sworn to its accuracy. However, she insisted that her trial testimony was the truthful version of the events and that her earlier statement was, in part, a fabrication. She attributed her earlier falsehoods to CID harassment ("[t]hey would follow me around everywhere I went"); threats ("they were going to get me restricted back to the barracks and put on restriction if I didn't cooperate with them and they were going to have my boyfriend—at the time—they were going to bring him to court or something for lying if I didn't write a statement"); and promises ("[t]hat they would—that if I would just went ahead and did it they would make sure that nothing would happen to me, as far as charges"; "that they had enough evidence on Powell already and this wouldn't do any harm to him"; and "that if he [Powell] ever saw the statement that they would have me out of the country in 24 hours"). Further, she claimed to have lied previously in order to mask her own expertise in preparing and injecting heroin. She explained, "I had been using a lot of heroin at the time and I was really afraid of what could happen to me and I just wanted them [the CID agents] off my back."

Initially, the military judge received Hernandez's prior inconsistent statement as affirmative evidence under Mil.R.Evid. 801(d)(1)(A) (prior inconsistent statement of a witness).[4] Later, the judge expanded his ruling to include affirmative admissibility under Mil.R.Evid. 803(24) (residual hear-

---

**3.** After Hernandez made her initial statement to the Criminal Investigation Division investigators, a consent search of appellant's quarters was made. No evidence of drugs was discovered at that time. However, 13 days after the initial transaction took place, appellant was apprehended in possession of approximately $1000 worth of heroin as he entered the installation. This latter incident forms the basis of one of the possession charges.

**4.** Mil.R.Evid. 801(d) provides:

*Statements which are not hearsay.* A statement is not hearsay if:

(1) *Prior statement by witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition ...

say).[5] The Court of Military Review disagreed that the statement qualified for admission under Mil.R.Evid. 801(d)(1)(A),[6] but they sustained the trial judge's ruling under Mil.R.Evid. 803(24); accordingly, they affirmed. *United States v. Powell,* 17 M.J. 975 (A.C.M.R. 1984).

Mil.R.Evid. 803 provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\* \* \* \* \* \*

(24) *Other exceptions.* A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the intention to offer the statement and the particulars of it, including the name and address of the declarant.

"[T]he foregoing exceptions" mentioned in the rule generally include the familiar common-law exceptions to the hearsay rule. *See* Mil.R.Evid. 803(1)–(23). Appellant does not dispute that the statement was "evidence of a material fact" or strongly probative of "the point for which it ... [was] offered." Rather, the thrust of his argument is that the statement was not made under conditions "having equivalent circumstantial guarantees of trustworthiness." Presumably, he would add that receipt of the evidence was not in the best interest of justice.

We have not previously had occasion to examine the application of this rule. However, the rule is identical to Fed.R.Evid. 803(24) and was intended by the drafters of Mil.R.Evid. 803(24) to "be employed in the same manner as it is generally applied in the Article III courts."[7] App. 18, Drafters' Analysis, Manual, *supra,* As the Federal rule has been construed on numerous occasions by the Federal courts, we are obliged to pay particular attention to the manner in which those courts have applied it.

In *United States v. Leslie,* 542 F.2d 285 (5th Cir.1976), for example, the accused was charged with transporting a stolen vehicle across state lines and feloniously selling and disposing of it. He was apprehended, along with three of his confederates, upon the completion of the transaction. Shortly thereafter, Leslie's three associates made statements to FBI agents, implicating themselves and the accused in the crimes. At the accused's trial, all three recanted those portions of their prior statements which implicated the accused. Each witness admitted having made the prior statements and waiving their rights at the time. Further, they offered a variety of explanations for the alleged inaccuracies in their prior statements, including "that they were under the impression that they would perhaps receive more favorable disposition

---

5. Thus, the statement was not offered or received merely to impeach Hernandez' trial testimony, as it might have under Mil.R.Evid. 613. *See* Mil.R.Evid. 105 and 607. Instead, it was offered as affirmative evidence of appellant's guilt. *See generally* S. Saltzburg, L. Schinasi, and D. Schlueter, *Military Rules of Evidence Manual* 311 (1981).

6. As the Court of Military Review well put it, "We simply are unwilling to hold that MRE 801(d)(1)(A) extends to a statement made in a

policeman's office during a non-advocatory, inquisitorial police investigation merely because an oath was administered." 17 M.J. at 975, 976.

7. Thus the rule is consistent with Congress' authorization of the President to prescribe court-martial procedures "which shall, so far as he considers practicable, apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts." Art. 36, Uniform Code of Military Justice, 10 U.S.C. § 836.

of the charges against them if they would give statements and cooperate." *Id.* at 288.

Initially, the Court of Appeals traced the legislative history of the Fed.R.Evid. 803(24) as follows:

Federal Rule of Evidence 801(d)(1), as proposed by the Supreme Court, would have permitted all prior inconsistent statements to be used as substantive evidence. The House Judiciary Committee substantially altered rule 801(d)(1) by adding a requirement that the prior statement must have been subject to cross-examination. H.R.Rep. No. 93–650, U.S.Code Congressional and Administrative News, 93rd Cong., 2d Sess., pp. 7086–87 (1973). The Senate committee recommended reinstatement of the Supreme Court rule, S.Rep. No. 93–1277, U.S.Code Congressional and Administrative News, 93d Cong., 2d Sess., pp. 7062–63 (1974), and the conference committee adopted a compromise allowing prior inconsistent statements to be used substantively when the statement was given under oath subject to the penalty of perjury at a "proceeding" or in a deposition. Conf.Rep. No. 93–1597, U.S.Code Congressional and Administrative News, 93d Cong., 2d Sess., pp. 7103–04 (1974). The Senate, in addition to broadening rule 801(d)(1), added subsection 24 to rule 803, S.Rep. No. 93–1277, *supra*, at pp. 7065–66. From this legislative history it is clear that the House was unwilling to make so radical a departure from prior law as that proposed by the Supreme Court, while the Senate wanted courts to be more flexible in treating statements traditionally regarded as hearsay not falling within any conventional exceptions.

*Id.* at 289–90 (footnotes omitted).

Proceeding to the facts, the Court noted a "strong indicia of reliability as to all three FBI statements." *Id.* at 290. The determinative factors included: that "the declarants were available for cross-examination by the" accused; that "the declarants were given ample opportunity ... to explain any errors in the statements"; that "the statements were made" and transcribed shortly "after the events related"; that "the declarants ... knowingly and voluntarily signed forms waiving" their "right to remain silent"; and, most significantly, that "for all practical purposes they admitted making the statements." In addition, the Court noted the similarity of the statements taken at a time "before the declarants" would have been "able to agree on one version." *Id.* at 290–91 (footnote omitted). These factors satisfied the Court that the trial judge was within his discretion in permitting the jury to consider the statements substantively under Fed.R.Evid. 803(24).

Similar factors, in varying combinations, have permitted other trial judges, in the exercise of their discretion, to receive in evidence similar statements to law enforcement officials substantively. *See United States v. Williams*, 573 F.2d 284, 288 (5th Cir.1978) (witness admitted making affidavit; affidavit made closer to time of events than trial testimony; Internal Revenue Service agents testified concerning witness' "willingness to give the statement"; affidavit contained "many handwritten alterations by" witness indicating that he had examined the document closely for accuracy; jury able to observe witness' demeanor during his testimony); *United States v. Barnes*, 586 F.2d 1052, 1054–56 (5th Cir. 1978) (witness testified at trial so jury was able to assess credibility; statement corroborated by Drug Enforcement Administration agents' own observations; statement similar to coactor's statement); *United States v. Lufkins*, 676 F.2d 1189, 1192 (8th Cir.1982) (statement to Federal Bureau of Investigation agent corroborated by other evidence [8]).

Of course, statements to law enforcement agents represent the mere tip of the

---

**8.** *But cf. United States v. Bailey*, 581 F.2d 341 (3d Cir.1978) (trial judge's recitation of single factor of corroboration does not satisfy requirement that statement have "circumstantial guarantees of trustworthiness" equivalent to other Fed.R. Evid. 804(b)(5) exceptions).

iceberg of the types of evidence considered by Federal courts under the residual hearsay rules. *See generally* S. Saltzburg and K. Redden, *Federal Rules of Evidence Manual* 619–24 (3d ed. 1982); D. Louisell and C. Mueller, *Federal Evidence* § 472 (1980); 4 J. Weinstein and M. Berger, *Evidence,* para. 803(24)[01] (1979). Our review of the authorities convinces us that the facts of individual cases will frequently defy the application of hard-and-fast rules. Rather, what must generally occur is the balancing of a variety of circumstances unique to a particular case.

In the instant case, the trial judge and the Court of Military Review identified a number of factors justifying their conclusions that Hernandez' pretrial statement was sufficiently trustworthy to be considered equivalent to the traditional hearsay exceptions. Included among these are that Hernandez admitted making the pretrial statement; that she was available for cross-examination regarding it; that the substance of her pretrial statement was independently corroborated by another prosecution witness (shortly after Hernandez overdosed, appellant admitted to the witness that appellant had provided Hernandez with the heroin); that her trial testimony was internally inconsistent; that the reasons she gave for changing her story were improbable; and that she misled trial counsel as to the nature of her testimony up to the moment of trial. Several other factors cited by the Federal courts might have been added to the list as well.

We recognize that a trial judge has considerable discretion in determining the trustworthiness of a statement. *Moffett v. McCauley,* 724 F.2d 581, 583 (7th Cir.1984); *United States v. Friedman,* 593 F.2d 109, 118 (9th Cir.1979); *United States v. Carlson,* 547 F.2d 1346, 1354 (8th Cir. 1976), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2174, 53 L.Ed.2d 224 (1977). Moreover, in view of the Federal authorities cited and the unique facts of the record before us, we are satisfied that the military judge was within his discretion in receiving the evidence in question. However, due to the inevitable variations in facts, we caution against an overly mechanistic application of our holding today to other cases.

The decision of the United States Army Court of Military Review is affirmed.

EVERETT, Chief Judge (concurring):

As long as the declarant has testified and is available in court for cross-examination, as she was here, I am willing to uphold the exercise of the military judge's discretion in allowing admission of an inconsistent extrajudicial statement as substantive evidence— even if the pretrial statement was made to the police. Under such circumstances, Mil. R.Evid. 803(24) has been satisfied, and there is no violation of the accused's sixth-amendment right of confrontation. *California v. Green,* 399 U.S. 149, 90 S.Ct 1930, 26 L.Ed.2d 489 (1970). However, if the declarant has not testified, the rationale for admissibility is much weaker; and I reserve judgment as to that situation.