### UNITED STATES

v.

**David M. FREEDMAN, 099 50 2989 Ensign (0–1), U.S. Naval Reserve.**

NMCM 86 0680.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 20 Dec. 1985.

Decided 30 Jan. 1987.

LT J. CUNYON GORDON, JAGC, USN, Appellate Defense Counsel.

HUBERT MARGOLIES, Esq., Civilian Defense Counsel.

LT GEORJAN D. OVERMAN, JAGC, USNR, Appellate Government Counsel.

Before GORMLEY, GLADIS and CASSEL, JJ.

GLADIS, Judge:

The accused was convicted pursuant to his pleas of guilty at a general court-martial composed of members of two attempted larcenies, three larcenies, and thirty-three bad check offenses, in violation of Articles 80, 121, and 123, respectively, of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 921, and 923, and sentenced to a dismissal, confinement for 5 years, and total forfeitures. The convening authority approved the sentence.

The accused contends that the court-martial lacked personal jurisdiction over him because after he was retained on active duty beyond the expiration of his obligated service he objected and the Government did not proceed with a view towards trial at a reasonable pace; that the convening authority's unlawful rescission of a continuance granted by the Article 32, 10 U.S.C. § 832 investigating officer deprived him of both the effective assistance of counsel, because

his civilian counsel could not be present at the expedited hearing, and of an impartial investigating officer; and that his guilty plea to one of the attempted larceny specifications was improvident. He also asks us to examine the appropriateness of the sentence. Finding that the court-martial had jurisdiction, that the accused was not prejudiced by the convening authority's actions, and that the accused's guilty plea to the specification in question was improvident, we dismiss that specification, affirm the remaining findings, and reassess the sentence.

## A

### Jurisdiction

At the outset we address the accused's contention that the military judge erred by denying his motion to dismiss for lack of personal jurisdiction because after the accused was retained on active duty beyond the expiration of his obligated service, although he objected, the Government did not proceed with a view to trial at a reasonable pace.

 The passing of a date of separation entitles the servicemember to be separated, but it does not, alone, operate to accomplish that separation. The Government, however, loses jurisdiction to try a servicemember unless either (a) prior to his date of separation, some official action has been taken by which we can say that at some precise moment the sovereign signaled its intent to impose its legal processes upon the individual; or (b) after the member's date of separation, he does not object to his continued retention on active duty; or (c) if the servicemember objects to his continued retention on active duty and demands his discharge or release, the Government takes official action with a view to prosecution within a reasonable time after the servicemember's protest of his retention. *United States v. Fitzpatrick*, 14 M.J. 394, 397 (C.M.A.1983). While an accused over whom the Government has perfected extended personal jurisdiction as a result of its timely commencement of action with a view towards trial

has no absolute right to immediate separation from the service at the expiration of his obligated service, the Government has an obligation to proceed to trial with all deliberate speed, absent the accused's acquiescence in the retention. *United States v. Grom*, 21 M.J. 53, 55 (C.M.A.1985).

 The accused's separation date was 7 August 1985. Prior to and after that date he discussed his desire for separation with his superiors. On 10 September 1985, he formally protested in writing his retention on active duty. On 25 September 1985 charges were preferred and referred to an Article 32 investigation.

The military judge found that the Government took a host of steps before the accused's separation date which authoritatively signaled it would subject him to its legal processes. Appellate Exhibit IX, pp. 9–10. Although we agree with the military judge, we need not resolve the issue on this basis. We also find, as did the military judge, that the Government took official action with the view to prosecution, preferral and referral of charges to an Article 32 investigation, within a reasonable time after the accused's protest of his retention in service. Therefore, the court-martial had personal jurisdiction over the accused.

## B

### Rescission of the Continuance

Now we turn to the accused's contention that he was denied the effective assistance of counsel and an impartial investigating officer by the unlawful rescission by the convening authority of a continuance in the Article 32 investigation granted by the investigating officer. His retained civilian defense counsel could not be present at the expedited hearing. As stated above, charges were preferred and referred to an Article 32 investigation on 25 September 1985. On 2 October 1985 detailed defense counsel requested a continuance until 21 or 22 October 1985 because retained civilian counsel, who had prior commitments, was not available until those dates. The inves-

tigating officer granted the request and scheduled the hearing for 22 October 1985. On 18 October 1985 detailed counsel requested another continuance until 5 November 1985 because of the unexpected length of another trial in which civilian counsel was involved. On 21 October 1985 the investigating officer granted the request, but was directed by the convening authority to hold the hearing on 22 October 1985 as originally scheduled. The investigating officer unsuccessfully protested and held the Article 32 hearing on 22 and 23 October 1985 over the objection of detailed defense counsel, who represented the accused in the absence of civilian defense counsel. No witnesses testified at the hearing. Only documentary evidence was considered. No evidence to which detailed counsel objected was considered. The rescission of the continuance provided the basis for a defense motion at trial to dismiss the charges or grant appropriate relief on the ground of unlawful command influence and lack of an impartial investigating officer.

According to the convening authority's stipulated testimony, his order to the investigating officer to rescind the continuance and proceed on 22 October 1985 was based on the following facts:

The accused's normal date of release from active duty was 7 August 1985. On 10 September 1985, the accused demanded his immediate release from active service and at various times has averred that the government has processed his case in a dilatory fashion. The accused was notified of the charges alleged against him on 26 September 1985. Defense Counsel originally requested that initiation of proceedings in subject investigation be continued until 21 or 22 October 1985. During the first week of October 1985, the accused petitioned the local Federal District Court for a temporary restraining order to prevent the U.S. Navy from proceeding in his case. This petition was denied by the District Court and a date of 4 November 1985 set on a corresponding motion for preliminary injunction filed by the accused. In addition, the defense request did not adequately support further delay in the proceedings until 5 November 1985. I was informed that the Government was ready to proceed.

Finding that the investigating officer was impartial, that the convening authority's action did not constitute illegal command influence or an abuse of his discretion to control the time and place of the proceedings, and that the accused had not demonstrated he was prejudiced by the absence of civilian counsel from the Article 32 investigation, the military judge denied the motion.

Article 32, Uniform Code of Military Justice (UCMJ), states:

(a) No charge or specification may be referred to a general court-martial for trial until a thorough and impartial investigation of all the matters set forth therein has been made....

(b) The accused shall be advised of the charges against him and of his right to be represented at that investigation by counsel. The accused has the right to be represented at that investigation as provided in section 838 of this title (article 38) and in regulations prescribed under that section....

(d) The requirements of this article are binding on all persons administering this chapter but failure to follow them does not constitute jurisdictional error.

Article 38(b)(2), UCMJ, 10 U.S.C. § 838(b)(2), states:

The accused may be represented by civilian counsel if provided by him.

Article 59(a), UCMJ, 10 U.S.C. § 859(a), states:

A finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused.

Rule for Courts-Martial 405 states:

(a) *In general.* Except as provided in subsection (k) of this rule, no charge or specification may be referred to a gener-

al court-martial for trial until a thorough and impartial investigation of all the matters set forth therein has been made in substantial compliance with this rule.

. . . . .

(c) *Who may direct investigation.* Unless prohibited by regulations of the Secretary concerned, an investigation may be directed under this rule by any court-martial convening authority. That authority may also give procedural instructions not inconsistent with these rules.
(d) *Personnel.*

. . . . .

(2) *Defense counsel.*

. . . . .

(C) *Civilian counsel.* The accused may be represented by civilian counsel at no expense to the United States. Upon request, the accused is entitled to a reasonable time to obtain civilian counsel and to have such counsel present for the investigation. However, the investigation shall not be unduly delayed for this purpose....

▆▆ An Article 32 investigation is judicial in nature. *United States v. Davis,* 20 M.J. 61, 65 (C.M.A.1985). An Article 32 investigating officer is a judicial officer and must maintain proper judicial standards of neutrality, detachment and independence. *United States v. Payne,* 3 M.J. 354 (C.M.A.1977). His failure to maintain such standards is not reversible error *per se,* but there is a presumption of prejudice that may be overcome by clear and convincing evidence. *Id.* In cases where unlawful command influence has been exercised, a reviewing court may properly affirm findings and sentence if it is persuaded beyond a reasonable doubt that findings and sentence have not been affected by the command influence. *United States v. Thomas,* 22 M.J. 388, 394 (C.M.A.1986). *See also United States v. Kitts,* 23 M.J. 105 (C.M.A. 1986), in which the findings were affirmed despite unresolved allegations of command influence where there were no allegations that the accused entered his pleas of guilty because of the influence.

▆▆ In *United States v. Kinard,* 21 U.S.C.M.A. 300, 303, 45 C.M.R. 74, 77 (1972), the Court of Military Appeals observed that only in an extremely unusual case should an accused be forced to forego civilian counsel whom he has selected and be required to proceed with his appointed military counsel. More recently the Court held that the right to counsel of choice is not absolute and must be balanced against society's interest in the efficient and expeditious administration of justice. *United States v. Thomas,* 22 M.J. 57, 59 (C.M.A. 1986) (citing *Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983)). The exercise of the right to civilian counsel cannot operate to unreasonably delay the progress of the trial. Only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel. *Id.*

In *United States v. Maness,* 23 U.S.C. M.A. 41, 47, 48 C.M.R. 512, 518 (1974), the Court had reiterated the rule that if an accused is deprived of a substantial pretrial right, on timely objection, he is entitled to judicial enforcement of his right, without regard to whether such enforcement will benefit him at the trial. It held that improper exclusion of civilian counsel from an Article 32 hearing denies the accused a substantial right. *See also United States v. Chuculate,* 5 M.J. 143 (C.M.A.1978) (citing *United States v. Mickel,* 9 U.S.C.M.A. 324, 26 C.M.R. 104 (1958) and its progeny). Subsequently, noting that the Supreme Court in *United States v. Hasting,* 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), had made clear its disapproval of any hesitancy on the part of appellate tribunals in applying the doctrine of constitutional harmless error, the Court of Military Appeals, in *United States v. Remai,* 19 M.J. 229 (1985), applied the doctrine to review of court-martial convictions.

In *United States v. Davis, supra* at 65–66, a case in which defense counsel contended she could not adequately represent the accused at the Article 32 investigation because of a conflicting relationship with

the investigating officer, the Court of Military Appeals found no grounds to reverse the conviction because the record clearly demonstrated that no prejudice resulted form the error. The Court cited *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), in which a case involving denial of the constitutional right to counsel at a preliminary hearing was remanded for consideration of whether the error was harmless under the constitutional harmless error doctrine, and *United States v. Remai, supra.* In *United States v. Wattenbarger*, 21 M.J. 41 (C.M.A.1985), the Court held that denial of an accused's constitutional right to counsel under the sixth amendment at a critical stage of the pretrial proceedings was constitutional error to be tested for prejudice.

An Article 32 proceeding is analogous to a grand jury proceeding. *United States v. Powell*, 17 M.J. 975, 976 (A.C.M.R.1984). In *United States v. Mechanik*, 472 U.S. 1016, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986), the Supreme Court found that the violation of a rule designed to protect the integrity of the grand jury proceedings and guard against an erroneous charging decision was an error rendered harmless beyond a reasonable doubt by the petit jury's guilty verdict. Enumerating the societal costs of reversal, the Court noted that they were acceptable when an error in the first proceeding had deprived a defendant of a fair determination of the issue of guilt or innocence, but not when an error had no effect on the outcome of the trial.

▆▆▆▆ Applying the foregoing precedents to this case, we find that under the circumstances the action of the convening authority in overruling the investigating officer's grant of a continuance constituted an unreasonable interference with the independence of the investigating officer. To construe the provision in R.C.M. 405(c) allowing the convening authority to give procedural instructions to permit him to do what he did here would be inconsistent with Article 32 as interpreted in *United States v. Payne*, 3 M.J. at 354. We can find no support for such a construction and

do not believe that the President intended the rule to be so construed. Although the decision to grant or deny a continuance is within the broad discretion of the military judge and, absent clear abuse, will not be overturned, *United States v. Thomas*, 22 M.J. at 59, the exercise of discretion by the military judge in granting a continuance was not involved here and the exercise of discretion by the investigating officer in granting a continuance was usurped by the convening authority. We need not characterize the convening authority's action, taken in reliance on his mistaken interpretation of R.C.M. 405(c), as unlawful command influence in order to conclude that he erred. His error deprived the accused of his right to be represented by civilian counsel at the Article 32 investigation.

▆▆▆▆ Nevertheless, reversal is not automatically required. Command influence, failure of the investigating officer to maintain the proper judicial standards of neutrality, detachment, and independence, and denial of the right to counsel at a critical stage of the pretrial proceedings must be tested for prejudice. *United States v. Thomas*, 22 M.J. at 394; *United States v. Wattenbarger; supra*, and *United States v. Payne, supra.* We recognize that *United States v. Mickel, supra*, and its progeny say that if an accused is deprived of a substantial pretrial right, on timely objection, he is entitled to judicial enforcement of his right, without regard to whether such enforcement will benefit him at trial. The vitality of this principle has been sapped by subsequent decisions following *United States v. Hasting, supra*, which apply the harmless error doctrine with renewed vigor. *See United States v. Wattenbarger, United States v. Davis*, and *United States v. Remai, supra.* In *United States v. Stubbs*, 23 M.J. 188, 193 (C.M.A. 1987), the Court noted that generally a *per se* approach is not desirable from the viewpoint of efficient administration of justice and is usually unnecessary. Where it clearly and affirmatively appears that the accused has not been prejudiced by a particular error, there can be no appearance of

evil. *Id.* Thus, the governing precedents require that the error in this case be tested for prejudice. We are convinced that it did not affect the referral decision or the outcome of the trial. In view of the accused's guilty pleas, we find beyond a reasonable doubt that the error was harmless.[1] *Cf. United States v. Mechanik, supra.*

## C

### *Providence*

Finally, we consider the accused's contention that his plea of guilty to Specification 2 of Charge I, which alleges attempted larceny, was improvident because the accused's acts amounted to no more than preparation. We are not convinced that the record establishes the providence of the accused's plea to this specification. Therefore, we shall set aside the guilty findings of this specification and reassess the sentence.

## D

### *Sentence*

In our reassessment of the sentence, we shall reduce it to a sentence that is no more severe than we are convinced would have been adjudged had the accused not been convicted of the specification we dismiss and that we consider to be appropriate. Articles 59(a) and 66, UCMJ, 10 U.S.C. § 859(a) and 866; *United States v. Sales,* 22 M.J. 305 (C.M.A.1986).

Accordingly, the findings of guilty of Specification 2 of Charge I are set aside and that specification is dismissed. The remaining findings of guilty and, upon reassessment, only so much of the sentence as provides for a dismissal, confinement for 50 months, and forfeiture of all pay and allowances are affirmed.

Chief Judge GORMLEY and Judge CASSEL concur.

---

1. We do not hold that the guilty plea waived the error. *Cf. United States v. Burrer,* 22 M.J. 544, 547 (N.M.C.M.R.1986), in which a nonjurisdictional, nonwaivable error was tested for prejudice.