UNITED STATES, Appellee,

v.

Bobby R. QUICK, Specialist Five, U.S. Army, Appellant.

No. 56,152.

CM 446103.

U.S. Court of Military Appeals.

Sept. 27, 1988.

For Appellant: *Captain Keith W. Sickendick* (argued); *Colonel Brooks B. LaGrua, Lieutenant Colonel Paul J. Luedtke, Major Eric T. Franzen* and *Captain Pamela G. Montgomery* (on brief); *Colonel John T. Edwards.*

For Appellee: *Captain Carlton L. Jackson* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Larry D. Williams* and *Lieutenant Colonel Gary F. Roberson* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

In June of 1984, appellant was tried by a general court-martial composed of officer and enlisted members at Fort Benning, Georgia. Contrary to his pleas, he was found guilty of committing lewd and lascivious acts upon the body of a female under 16 years of age and taking indecent liberties with the same child, his 4–year-old daughter,[1] in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Appellant was sentenced to a bad-conduct discharge, 6 months' confinement, total forfeitures, and reduction to E-1. The convening authority approved the sentence as adjudged. The Court of Military Review affirmed. 22 M.J. 722 (1986).

This Court granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT IN ADMITTING INTO EVIDENCE UNDER MIL. R.EVID. 803(24), DESPITE DEFENSE OBJECTION, HEARSAY TESTIMONY OF STATEMENTS MADE BY THE ALLEGED CHILD–VICTIM.

---

1. Both these offenses were alleged in a single specification without defense objection. *See* para. 28*b*, Manual for Courts-Martial, United States, 1969 (Revised edition); *see also* R.C.M. 906(b)(5), Manual for Courts-Martial, United States, 1984; *cf.* R.C.M. 307(c)(4).

We hold under the circumstances of this case that admission of evidence of the child's out-of-court statements was proper under Mil.R.Evid. 803(24), Manual for Courts-Martial, United States, 1969 (Revised edition), and did not violate the Sixth Amendment. *See generally United States v. Owens,* ― U.S. ―, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988).

The facts pertinent to the granted issue were found by the Court of Military Review as follows:

> The incident from which this issue arises occurred late one evening when appellant was home alone with J, his daughter. According to appellant's pretrial statement, he was lying in bed when J, wearing a nightgown and panties, entered and crawled up next to him. The two began to wrestle playfully until appellant "started getting curious about how she was developing." He had his daughter remove her panties and rubbed her vagina for several minutes. Appellant achieved an erection and told J to kiss his erect penis; J complied. Not wanting "things to get too carried away," appellant sent J to her room, telling her not to say anything to anyone about what had happened.
>
> The following afternoon, Mrs. Sharon Lightfoot was babysitting J when J approached her and complained that her "bottom" hurt. Mrs. Lightfoot asked her if she had gotten sand inside her clothing or had rubbed against her riding toys. J indicated that neither of these things had happened; however, she did utter the words, "My Daddy does." Mrs. Lightfoot asked J what she meant and J answered, "He rubs my bottom." Mrs. Lightfoot asked where he rubbed her and J pointed to her vaginal area. When Mrs. Lightfoot asked what he rubbed her with, J said that he used his fingers. The babysitter then pulled down the child's pants to see what she was talking about and noticed signs of irritation inside the labia of her vagina. When Mrs. Lightfoot asked J whether her mother knew about these things, J answered

> that she did not since her father had told her not to tell anyone about it.
>
> Appellant was apprehended the next day and, after waiving his rights, made a detailed confession to the aforementioned acts. The trial counsel introduced this confession at trial but elected not to call J as a witness even though she was present and could have been called. She explained to the court that based on her interview of J and her observation of J as a witness at the pretrial hearing, she had concluded that J was responsive to leading questions only, answered those questions nonverbally, and required prompting from her mother before answering. In the trial counsel's view, J's earlier statements to the babysitter would be more probative than her live testimony. Thus, she proposed calling Mrs. Lightfoot to recount the statements J had made to her the day following the incident. The military judge denied a defense motion *in limine* to exclude this evidence, ruling that the statements made by J to her babysitter bore sufficient indications of trustworthiness to be admissible under Military Rule of Evidence 803(24).

*Id.* 22 M.J. at 722–23 (footnote omitted).

The issue granted review in this case speaks specifically in terms of admissibility of hearsay testimony under Mil.R.Evid. 803(24). We have considered the opinion of the Court of Military Review and find it persuasive on this point. *See generally United States v. Shaw,* 824 F.2d 601, 609–10 (8th 1987), *cert. denied,* ― U.S. ―, 108 S.Ct. 1033, 98 L.Ed.2d 997 (1988); *United States v. DeNoyer,* 811 F.2d 436, 438 (8th Cir.1987). Accordingly, we hold that under the circumstances of this case, the military judge did not err in admitting Mrs. Lightfoot's testimony as to the alleged child victim's out-of-court statements. *See United States v. Hines,* 23 M.J. 125, 127–28 (C.M.A.1986); *cf. United States v. Williamson,* 26 M.J. 115 (C.M.A.1988).

■ A further question implied in the granted issue and addressed by the Court of Military Review is whether appellant's

confrontation rights under the Sixth Amendment were nonetheless violated by admission of this testimony. *See generally Coy v. Iowa,* —— U.S. ——, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988); *cf. United States v. Owens, supra* 108 S.Ct. at 843.

In this regard, we note that appellant at trial made a motion *in limine* and objected on hearsay grounds to admission of Mrs. Lightfoot's testimony as to the victim's out-of-court statements. There was no express objection to this testimony on the basis of the Confrontation Clause of the Sixth Amendment. *See United States v. Dorian,* 803 F.2d 1439, 1446 (8th Cir.1986). Moreover, the child victim had testified at the Article 32, UCMJ, 10 U.S.C. § 832, investigation and was outside the courtroom during the trial. It was expressly recognized at this court-martial that the alleged child victim could be called by defense and be cross-examined as a hostile witness.

**2.** The exhaustive dissent of Senior District Judge Oliver in *United States v. Cree,* 778 F.2d 474, 479–506 (8th Cir.1985), cannot be ignored. We distinguish appellant's case on the basis of the

*See* Mil.R.Evid. 611(c); *United States v. Cree,* 778 F.2d 474, 478–79 (8th Cir.1985).[2] Finally, trial counsel stated to the military judge:

> The Government would prefer not to call the witness. If we're required to, of course, we'll do so, if that's what it takes to get in the statements of Mrs. Lightfoot.

The defense did not in any way seek to hold the prosecution to its offer. In these circumstances, we are hard pressed to find a violation of the Confrontation Clause. *See State v. Robinson,* 153 Ariz. 191, 735 P.2d 801, 813 n. 15 (1987).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.

Government's actual offer to itself produce this witness, and we further recommend in future cases that the military judge particularly ascertain the parties' intentions in this regard.