**UNITED STATES**

v.

**Technical Sergeant John J. ZUPKOFS-KA, FR016–52–4522, United States Air Force.**

**ACM 29175 (recon).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 11 Jan. 1991.

Decided 20 Dec. 1991.

---

**538**

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens, Major Ronald G. Morgan, and Major Alice M. Kottmyer.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis, Major Paul H. Blackwell, Jr., and Major Jeffrey C. Lindquist.

Before O'HAIR, RIVES and MILLS, Appellate Military Judges.

## OPINION OF THE COURT UPON RECONSIDERATION

RIVES, Judge:

When a criminal investigator tells a suspect that marijuana charges will not be preferred if he cooperates in a cocaine investigation, is the convening authority thereafter precluded from preferring such charges? Under the facts of this case, our answer is "no."

Our original, unpublished opinion in this case, *United States v. Zupkofska*, ACM 29175, 1991 WL 210665 (A.F.C.M.R. 30 September 1991), included a citation to *United States v. Kimble*, 30 M.J. 892 (A.F.C.M.R. 1990). Unbeknown to us at the time we released our opinion, the Court of Military Appeals had recently reversed *Kimble*. 33 M.J. 284 (C.M.A.1991). On 3 October 1991, we issued an order on our own motion to reconsider, specifying a request for counsel to brief the impact of the latest *Kimble* decision. Aided by counsel's supplemental briefs on the specified issue, we reaffirm our earlier ruling.

The specific issue we now decide is whether the appellant received a valid and enforceable de facto grant of immunity. To better frame this question we will first review *Kimble*.

The following facts from the reported *Kimble* decisions are relevant. Kimble committed an indecent act with his daughter in April 1987. He admitted the misconduct to a social worker and received counselling but was allowed to stay with his family. On 15 June 1988, his wife reported to civilian authorities that Kimble was "doing it again." The next day, Kimble told his first sergeant (who was also his friend), Chief Master Sergeant Wilson, that he had committed indecent acts with his daughter on two occasions—on 15 June 1988 and in April 1987. Chief Wilson informed Kimble's commander, Major Trent, who in turn informed the special court-martial convening authority, Colonel Jones. Colonel Jones decided to allow the civilian authorities to handle the case. Later that month, Major Trent told Kimble "that no court-martial action would take place provided that he successfully completed his program downtown."

On 1 August 1988, Colonel Jones retired and was succeeded as special court-martial convening authority by Colonel Tilley. On 11 August 1988, Kimble was interviewed by agents from the Air Force Office of Special Investigations (OSI) and confessed to sexually abusing his daughter on several occasions—not twice, as he had previously reported. Major Trent and Colonel Tilley decided to prosecute Kimble. They believed they were not bound by the promise not to prosecute because Kimble had not previously disclosed the depth of his misconduct.

In our decision affirming Kimble's conviction, this Court noted that "[t]he Air Force, prior to August 1988, lacked crucial facts about the appellant's sexual conduct with his daughter. It follows that Air Force officials never made a *knowledgeable* election to forego prosecution." 30 M.J. at 895. We refused to find de facto immunity in *Kimble*, citing such cases as *Cooke v. Orser*, 12 M.J. 335 (C.M.A.1982) and *United States v. Spence*, 29 M.J. 630 (A.F.C.M.R.1989).

The Court of Military Appeals, however, focused on the "nature of the promise made to [Kimble] by Colonel Jones through Major Trent and Chief Master Sergeant Wilson." 33 M.J. at 289. The substance of that promise was that, in return for Kimble's successful completion of the civilian treatment program, the Air Force would not prosecute. Since Kimble met those terms, the Court of Military Appeals ruled that "[n]ow, it is time for the Government to comply." 33 M.J. at 290. The fact that Air Force officials had made their promise of de facto immunity based on limited knowledge was "irrelevant to the legal issue regarding repercussions flowing from the promise." 33 M.J. at 289.

Turning to the case *sub judice*, the appellant was interviewed on 1 October 1990 by OSI Special Agent Ruble. Ruble advised him of his Article 31 rights and told him he was suspected of use, sale, transfer, and possession of cocaine and marijuana. The appellant confessed to involvement with both drugs. At some point, Ruble told him that he would "speak in his behalf" if the appellant cooperated with the OSI. Ruble also told him that cocaine was the significant charge and that the OSI was not actively pursuing the marijuana allegations. After Ruble said he was focusing on cocaine, the appellant made no further admissions about marijuana.

At some point shortly after the interview, Ruble spoke with the appellant's defense counsel. Ruble told the defense counsel of his willingness to testify for the appellant in return for his cooperation, and he also said that his "primary concern" at

that time involved cocaine, not marijuana. According to Ruble's testimony at the Article 32 investigation, he "may have told" the defense counsel that if the appellant cooperated with the OSI and civilian authorities, "no marijuana charges would be preferred." At trial, Ruble could not recall what he may have told the defense counsel in this regard.

The appellant did in fact cooperate with the OSI and civilian authorities. At their suggestion, he worked undercover with the local police department and the OSI to target a person suspected of having "major cocaine connections" in the area. Since the police knew little about the targeted person other than the fact that he had a previous arrest for battery, the appellant faced a certain risk in going undercover. Both Special Agent Ruble and a detective from the local police department testified they were very satisfied with the appellant's cooperation.

Responding to a motion to dismiss the marijuana specifications because of "an apparent grant of immunity," the military judge noted the following:

R.C.M. 704(c) states that only a general court-martial convening authority may grant immunity. Special Agent Leonard Ruble had no apparent authority to promise that the accused would receive immunity for the marijuana charges in return for his cooperation. Special Agent Ruble, however, failed to exercise care when he discussed the marijuana charge with the accused and the accused's counsel.

The trial judge denied the motion but stated: "in the interest of justice, the court will suppress any statements made by the accused on 1 October 1990 that pertain to his alleged use, possession, sale or distribution of marijuana."

The appellant was convicted in accordance with his pleas of use and distribution of cocaine. He pleaded not guilty to charges of use and distribution of marijuana and was acquitted of the distribution charge but convicted of using marijuana.*

* Tried by military judge alone, the appellant was sentenced to a dishonorable discharge, confine-

At issue now is whether we should enforce Special Agent Ruble's statements as a de facto grant of immunity, requiring us to set aside and dismiss the marijuana conviction. *See* Article 66(d), UCMJ.

We first look to the nature of the statements that were made to the appellant. Ruble told him that he would speak on his behalf if he cooperated, and he also said that he was not actively pursuing the marijuana allegations. Even though Ruble's recollection was uncertain by the time he testified at trial, we will assume *arguendo* that he told the defense counsel that marijuana charges would not be preferred if the appellant cooperated in the investigation.

Unlike the situation in *Kimble*, no convening authority or commander was ever involved in immunity discussions with either the appellant or his counsel. Even if Ruble said "no marijuana charges would be preferred," such a statement was made without the knowledge or consent of any commander or commander's representative. Significantly, the purported statement was made to the trial defense counsel, who was in a position to know that an OSI agent has no express or implied authority to confer immunity from prosecution.

The appellant's conviction on the marijuana charge was not based on any admissions he made in reliance on a grant of immunity. *See United States v. Caliendo,* 13 U.S.C.M.A. 405, 409, 32 C.M.R. 405, 409 (1962). The military judge made a prophylactic order, suppressing all admissions the appellant made about marijuana during his interview with the OSI on 1 October 1990. The prosecution proved the marijuana charge solely through the testimony of an informant, who related his knowledge of incidents that had occurred months before the OSI interview.

We will not extend the holding of *Kimble* to this case. To do so would eviscerate R.C.M. 704(c) and invite a flood of de facto immunity assertions. If immunity were to be conferred upon this appellant, almost any statement of nonprosecutorial intent

ment for 20 months, and reduction to E-1. The convening authority approved the sentence as

by almost any person with an investigator's badge could bind the government's hands and preclude a prosecution.

The language of R.C.M. 704(c) is clear: "Only a general court-martial convening authority may grant immunity, and may do so only in accordance with this rule." Subsection (3) of the rule adds emphasis to the very restricted power to grant immunity in the military: "The authority to grant immunity under this rule may not be delegated. The authority to grant immunity may be limited by superior authority."

While there are scenarios under which the government will be bound by a promise of immunity from a person with "apparent authority to make it," R.C.M. 704(c), Discussion, this case does not present such a fact pattern. *But see,* in addition to *Kimble,* 33 M.J. 284, *e.g., United States v. Churnovic,* 22 M.J. 401 (C.M.A.1986) (promise of immunity from the leading chief petty officer on ship after consultation with ship's executive officer); *United States v. Brown,* 13 M.J. 253 (C.M.A.1982) (promise of immunity from staff judge advocate); *Cooke v. Orser, supra* (promise of immunity from staff judge advocate). Here, the statements were made by a field OSI agent who had no prior discussions with any commander or official representative of the general court-martial convening authority. No official with even "apparent authority" ever indorsed any offer of immunity.

The appellant did not suffer from a detrimental reliance on any proposed immunity. His cooperation with the authorities was rewarded by pre-sentencing testimony from both Ruble and the local police detective. His admissions about marijuana were not used to convict him. The appellant was not treated unfairly by the government in the disposition of the marijuana charges. *See Kimble,* 33 M.J. at 294 (Cox, J., dissenting). The fact that the OSI may not have been interested in pursuing the marijuana charges did not prevent command authorities from doing so.

adjudged.

Having reconsidered our earlier decision in this case, the approved findings of guilty and the sentence are

AFFIRMED.

Senior Judge O'HAIR and Judge MILLS concur.