UNITED STATES

v.

**Ronald E. MARTINDALE, 430 92 8298, Cryptologic Technician Second Class (E–5), U.S. Navy.**

**NMCM 85 0771S.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 19 March 1984.

Decided 11 Jan. 1993.

LT R.M. Medeiros, JAGC, USNR, Appellate Defense Counsel.

LT L.M. Higdon, JAGC, USNR, Appellate Defense Counsel.

LCDR Lawrence W. Muschamp, JAGC, USN, Appellate Government Counsel.

Before STRICKLAND, ORR and MOLLISON, Judges.

MOLLISON, Judge:

This remand addresses three principal issues: (1) whether an alleged child abuse victim's out-of-court statement to agents of the Naval Investigative Service (NIS) was admitted in evidence in violation of the Confrontation Clause of the Sixth Amendment to the Constitution, (2) whether the same statement was properly admitted under the residual hearsay exceptions to the rule against hearsay, and (3) whether an accused's prosecution was barred by the Secretary of the Navy instruction establishing policies for the Family Advocacy Program.

### Background

The appellant confessed to sexual abuse of his learning-disabled son. He was tried by a general court-martial composed of officer members. As proof of the appellant's crimes, the Government offered the appellant's confession to NIS and a transcript of an NIS interview with his alleged victim. The transcript of the corroborating out-of-court statement was offered under the residual hearsay exceptions to the hearsay rule. Mil.R.Evid. 802, 803(24), 804(b)(5). The appellant objected to the alleged victim's out-of-court statement on grounds it did not qualify for admission under the exceptions. Mil.R.Evid. 103(a)(1). He also moved to suppress his confession on grounds it was uncorroborated. Manual for Courts–Martial, United States, 1969 (Rev.), ¶ 69A; Mil.R.Evid. 304(a), (g). The military judge denied the motion to suppress and admitted both items in evidence. Mil.R.Evid. 104(a), 304(d)(4). The appellant pled not guilty. Based on this evidence, the appellant was convicted of two specifications of attempted anal sodomy with a child, 13 specifications of oral sodomy with a child, and one specification of indecent acts with a child in violation of Articles 80, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 925, 934, respectively. The appellant was sentenced on 19 March 1984 to confinement for five years, reduction to pay grade E–1, and a dishonorable discharge. The convening authority approved the sentence as adjudged.

This Court affirmed the appellant's conviction and sentence on 30 December 1985. After remand from the United States Court of Military Appeals, this Court again affirmed on 6 January 1989. The Court of Military Appeals also affirmed on 12 June 1990. 30 M.J. 172. However, on 19 September 1990, after the United States Supreme Court's decision in the case of *Idaho v. Wright,* 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), the Court of Military Appeals granted the appellant's motion for reconsideration, set aside this Court's second affirmance, and remanded the record a second time for consideration of these two issues:

I. WHETHER THE TRANSCRIPT OF AN ORAL UNSWORN STATEMENT OF THE VICTIM WAS ADMISSIBLE UNDER *IDAHO v. WRIGHT,* 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990).

## II. WHETHER APPELLANT'S PROSECUTION VIOLATED SECRETARY OF THE NAVY INSTRUCTION 1752.3.

32 M.J. 33 (C.M.A.1990) (summary disposition).

*Idaho v. Wright* interprets the application of the Confrontation Clause to out-of-court statements introduced under exceptions to the rule against hearsay, whereas, the aforementioned Secretary of the Navy instruction established the Family Advocacy Program policy within the Department of the Navy.

The material facts of the case have been fully set forth in the Court of Military Appeals' affirmance (30 M.J. at 173–75) and, therefore, will not be restated, except as may be necessary to our resolution of the issues.

We conclude that the admission of the child victim's out-of-court statement did not violate the Confrontation Clause, as interpreted in *Idaho v. Wright;* that the military judge did not abuse his discretion in admitting the child's out-of-court statement under the residual hearsay exceptions to the hearsay rule; and, that the appellant's prosecution did not violate Secretary of the Navy Instruction 1752.3. Accordingly, we again affirm the appellant's conviction and sentence.

## I.

### The Confrontation Clause

 The Confrontation Clause of the Sixth Amendment to the Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI, cl. 5. The Confrontation Clause's origins are ancient. *Coy v. Iowa,* 487 U.S. 1012, 1015–16, 108 S.Ct. 2798, 2800, 101 L.Ed.2d 857 (1988). The Confrontation Clause envisions:

a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.

*Mattox v. United States,* 156 U.S. 237, 242–43, 15 S.Ct. 337, 339, 39 L.Ed. 409 (1895). The Confrontation Clause bars the admission of some, but not all, evidence that would otherwise be admissible under an exception to the hearsay rule. *Wright,* 497 U.S. at 812–14, 110 S.Ct. at 3145–46. When evidence is admitted contrary to the Confrontation Clause, the error is of constitutional proportions, and the conviction must be reversed by the reviewing court unless the error is harmless beyond a reasonable doubt. *Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986); *United States v. Greer,* 33 M.J. 426, 431 (C.M.A.1991).

 "[C]onfrontation Clause cases fall into two broad categories: cases involving the admission of out-of-court statements and cases involving restrictions imposed by law or by the trial court on the scope of cross-examination." *Delaware v. Fensterer,* 474 U.S. 15, 18, 106 S.Ct. 292, 293, 88 L.Ed.2d 15 (1985) (per curiam). In *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the United States Supreme Court considered the first category. There it set forth a general approach for determining when incriminating out-of-court statements, otherwise admissible under an exception to the hearsay rule, may be admitted without violating the Confrontation Clause. In order for such hearsay to be admitted without violating the Confrontation Clause, the hearsay must have "indicia of reliability." "Indicia of reliability" may be found: (1) when the hearsay falls within a firmly-rooted exception to the rule against hearsay, or (2) when it is supported by "a showing of particularized guarantees of trustworthiness." *Roberts,* 448 U.S. at 66, 100 S.Ct. at 2539. In *Idaho v. Wright,* the Supreme Court further held that the totality of the circumstances should be considered when determining whether there are particularized guarantees of trustworthiness, *but* these circumstances are limit-

ed to those surrounding the making of the statement and do not include other evidence at trial that corroborates the truth of the statement. "To be admissible under the Confrontation Clause, hearsay evidence used to convict a defendant must possess indicia of reliability by virtue of its inherent trustworthiness, not by reference to other evidence at trial." [1] *Wright*, 497 U.S. at 821, 110 S.Ct. at 3150.

■ The Confrontation Clause applies in trials by court-martial. *United States v. Jacoby*, 11 U.S.C.M.A. 428, 29 C.M.R. 244 (1960).

■ " 'The main and essential purpose of confrontation is *to secure for the opponent the opportunity of cross-examination.'* " *Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1109–10, 39 L.Ed.2d 347 (1974) (quoting 5 J. Wigmore, Evidence § 1395 (3d ed. 1940)). There is generally no Confrontation Clause issue, however, when the declarant testifies or when the declarant is available to testify. *E.g., United States v. Owens*, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988); *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *United States v. Dean*, 31 M.J. 196 (C.M.A.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1106, 113 L.Ed.2d 215 (1991); *United States v. Quick*, 26 M.J. 460 (C.M.A.1988); *United States v. Lyons*, 33 M.J. 543 (A.C.M.R.1991) (citing cases), *aff'd on other grounds*, 36 M.J. 183 (C.M.A. 1992).

■ "[C]onfrontation means more than being allowed to confront the witness physically." *Davis*, 415 U.S. at 315, 94 S.Ct. at 1109. For example, Confrontation Clause questions will arise when restrictions on cross-examination may " 'effectively ... emasculate the right of confrontation itself.' " *Fensterer*, 474 U.S. at 19, 106 S.Ct. at 294 (quoting *Smith v. Illinois*, 390 U.S. 129, 131, 88 S.Ct. 748, 749, 19 L.Ed.2d 956 (1968)). Accordingly, when a witness asserts his privilege against self-incrimination and refuses to answer questions on cross-examination, he is subject to having his direct testimony stricken on the basis of the Confrontation Clause. *United States v. Rivas*, 3 M.J. 282 (C.M.A.1977). For the same reason the same witness' out-of-court statements will also be inadmissible in the absence of "indicia of reliability." *United States v. Gomez–Lemos*, 939 F.2d 326 (6th Cir.1991). Similarly, if "a child is so young that she cannot be cross-examined at all, or if she is simply too young and too frightened to be subject to a thorough direct or cross-examination, the fact that she is physically present in the courtroom should not, in and of itself, satisfy the demands of the Clause." *United States v. Spotted War Bonnet*, 933 F.2d 1471, 1474 (8th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1187, 117 L.Ed.2d 429 (1992) (citation and quotations omitted) (on remand from the Supreme Court). But,

the Confrontation Clause includes no guarantee that every witness called by the prosecution will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion. To the contrary, the Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose these infirmities through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony.

*Fensterer*, 474 U.S. at 21–22, 106 S.Ct. at 295.

The appellant's 12–year old son testified and was subject to cross-examination at a pretrial hearing at which the court ruled *in limine* on the admissibility of the child's out-of-court statement to NIS. At that hearing, the child responded to questions posed by both parties. In substance, he recalled talking with the NIS agents, but he either could not remember acts of sexu-

---

**1.** The application of *Wright* continues to evolve. For example, the Supreme Court has recently held that the Confrontation Clause, *Roberts* and *Wright* do not preclude the admission of evidence qualifying under firmly-rooted exceptions to the hearsay rule, such as the "spontaneous declaration" and "medical examination" exceptions, even though the non-testifying declarant is available to be called as a witness. *White v. Illinois*, — U.S. —, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992).

al abuse and the contents of the statement he made to NIS, or he chose not to. Record at 132–43. The child's pretrial deposition was also considered by the military judge for purposes of ruling on the admissibility of the child's out-of-court statement.[2] Appellate Exhibit XIV; record at 150. Mil.R.Evid. 104(a); *see Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). The appellant and his counsel were present at the taking of the deposition and the appellant's son was available for cross-examination. At the deposition, the child testified he had told the NIS agents the truth, but again could not recall acts of abuse or chose to forget them.

After the military judge admitted the transcript of the child's out-of-court statement to NIS, the following colloquy occurred:

MILITARY JUDGE: First of all, under the rules, when the statement of a hearsay declarant is admitted, the declarant's credibility is placed in issue just as if he testified. Secondly, I want to scrupulously and within the maximum limits of my authority preserve the Defense right to cross—confront and cross-examine [the declarant]. So accordingly, if Defense wishes him produced or—Let me add an additional option, and that is the option—and I accord this to you, Defense Counsel—if you wish [the declarant] produced and placed on the stand to testify as to whatever he can or cannot and then wish to cross-examine him and to require me to do so—or to require me to so order the Government, I'm prepared to do so in order to preserve your right to confront and to cross-examine.

DEFENSE COUNSEL: Yes, Your Honor. After consulting with my client, it is not the Defense's desire to have [the declarant] to be forced to call and testify again about the events contained in his statement. Defense, for the record, again believes that an order by the Judge that he testify will have no more effect than it did before. However, the De-

fense does plan on calling [the declarant] in mitigation.

MILITARY JUDGE: Very well. My point is that—and I don't ask that you implicitly waive anything. The burden of proof is on the Government. But I will give you the opportunity to confront and cross-examine him and to do so as a part of the Government's case, not placing, therefore any burden on you at all. And all you need do is simply say the word that you desire, and he will be produced. Whatever the Government wishes to ask or whatever he testifies to, proper scope of cross-examination will be anything in [the declarant's out-of-court statement] and that relates to these offenses. Do you desire that he be produced in any part of the Government's case-in-chief?

DEFENSE COUNSEL: [No response.]

MILITARY JUDGE: Again, when I say "desire," I understand about burden of proof. I'm just preserving you right to confront and cross-examine.

DEFENSE COUNSEL: No, Your Honor. We do not.

Record at 288–289. Finally, during the pre-sentencing procedure the appellant's son was called by the appellant, and his son testified in his behalf.

■ The appellant was afforded a full and fair opportunity to probe and expose the infirmities in the child's ability to perceive, recall and relate events, to probe and expose the child's motivations, such as bias, fear, love, or hatred, and thereby to call to the attention of the fact-finder the reasons for giving scant weight to the child's statement. The alleged victim's forgetfulness and possible evasiveness did not deprive the appellant of the fruits of cross-examination. They were exactly the things that cross-examination and the Confrontation Clause are designed to expose. In short, the posture of the case is not of a witness refusing to respond to questions on cross-examination on grounds of self-incrimination as in *Rivas* or *Gomez–Lemos*. Rather, the witness was more like a forgetful or evasive witness as in *Owens, Fensterer,*

2. The deposition was not offered on the merits and did not go to the members.

*Green* or *Spotted War Bonnet*. The fruits of cross-examination were there for the appellant to pick or to leave alone as he saw fit. Under these circumstances, viz., (1) the declarant testified during the suppression hearing at which the appellant was afforded an opportunity for effective cross-examination, (2) the declarant testified at a pretrial deposition at which the appellant was afforded the opportunity for effective cross-examination, (3) the appellant expressly declined trial court's offer to place the declarant on the stand in the Government's case-in-chief for purposes of cross-examination and confrontation, and (4) the declarant was actually called by the appellant during the pre-sentencing procedure, we conclude that the Confrontation Clause was satisfied. *Owens; Dean; Quick*. Finding the Confrontation Clause was satisfied, we further conclude the finer points of the Clause's application to the out-of-court statements of non-testifying declarants, as announced in *Wright*, are therefore not in issue.

*The Residual Hearsay Exception* [3]

■ The President has been authorized by Congress to promulgate court-martial trial procedures, including modes of proof. Art. 36(a), UCMJ, 10 U.S.C. § 836(a). The President's regulations apply, so far as he considers practicable, the rules of evidence generally recognized in the trial of criminal cases in United States district courts. *Id.* Pursuant to this statutory authority, the President has promulgated the Military Rules of Evidence [hereinafter "Rule(s)" or "Mil.R.Evid."].

All relevant evidence is admissible in trials by court-martial, unless admission is otherwise limited by the Constitution, statutes, or the rules, themselves. All irrelevant evidence is inadmissible. Mil.R.Evid. 402. Hearsay, though relevant, is inadmissible under the rules, unless it qualifies under an exception to the rule excluding hearsay. Mil.R.Evid. 801, 802, 803, 804.

■ Rule 804 permits the admission of certain forms of hearsay when the declarant is unavailable as a witness. Rule 803 permits the admission of certain forms of hearsay whether or not the declarant is available as a witness. Both rules permit the admission of hearsay not specifically covered by other exceptions to the rule of inadmissibility. These are the so-called "residual hearsay exceptions." The two residual hearsay exceptions (declarant unavailable/declarant available) are virtually identical. Thus, under either rule, the following is admissible:

A statement not specifically covered by any of the foregoing exceptions [to the rule against hearsay] but having *equivalent circumstantial guarantees of trustworthiness*, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the

---

**3.** A Court of Military Review must obey implicitly the mandates of the remanding court. When a case is remanded in limited terms, it must confine its review to matters within those limitations. The scope of review must be interpreted closely. *United States v. Jordan*, 35 M.J. 856 (N.M.C.M.R.1992). Having noted that *Idaho v. Wright* is a Confrontation Clause case and the Confrontation Clause was satisfied in this case, it might appear we are venturing beyond the scope of our remand when we revisit the question of whether the child's out-of-court statement was admissible under the residual hearsay exception to the hearsay exclusionary rule, quite aside from the Constitution's Confrontation Clause. We believe that the issues— Confrontation Clause and admissibility as residual hearsay—are so intertwined that the remand fairly embraces the latter. We also note that in

*United States v. Hines*, 23 M.J. 125 (C.M.A.1986), the Court of Military Appeals "constitutionalized" the criteria for admitting residual hearsay. Therefore, if we apply *Hines* strictly, *Wright* limits the admissibility of residual hearsay despite the fact the Confrontation Clause itself has not been violated. Hence, within the terms of the remand, we would still be obliged to address the impact of *Wright* on the admissibility of the out-of-court statement under our own evidentiary rules. If we fail to address the statement's qualification as residual hearsay by limiting scope of our review, we would be in effect "deconstitutionalizing" the criteria for admitting residual hearsay, contrary to *Hines*. We prefer to confront this issue head on, and we presume the Court of Military Appeals expected nothing less. We proceed accordingly.

general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence....

Mil.R.Evid. 803(24), 804(b)(5) (brackets and emphasis added).

█ The military judge determines whether the evidence is admissible. Mil. R.Evid. 104(a). The military judge has considerable discretion in determining the trustworthiness and admissibility of a statement under the residual hearsay exception, and the military judge's determination to admit evidence under this exception normally will not be reversed except for an abuse of that discretion. *United States v. Powell*, 22 M.J. 141, 145 (C.M.A.1986); *United States v. Ortiz*, 34 M.J. 831, 835 (A.F.C.M.R.1992); *Lyons*, 33 M.J. at 543.

The Government offered the child's out-of-court statement under both residual hearsay exceptions although it was of the opinion the child was not available. Record at 244–245, 248, 255. The trial defense counsel argued the child was available but urged that his out-of-court statements lacked circumstantial guarantees of trustworthiness. Record at 252–55. The military judge found the child was unavailable under Rule 804(a)(2) (persistent refusal to testify) and Rule 804(a)(3) (lack of memory). Record at 260. However, he admitted the out-of-court statement under both residual hearsay exceptions. Record at 260–61. In doing so, the military judge found the criteria for admissibility were satisfied, but he did not identify the specific "equivalent circumstantial guarantees of trustworthiness" upon which he relied. We must determine whether he abused his discretion in admitting the child's out-of-court statement.

█ We pause, however, to make three observations. The first is that inasmuch as the residual hearsay exceptions are virtually identical under either Rule 803 or 804, a determination of "unavailability" is not an indispensable prerequisite to a ruling that hearsay is admissible as "residual hearsay." In fact, Rule 804(b)(5), (residual hearsay exception/declarant unavailable) is superfluous in light of Rule 803(24) (residu-al hearsay exception/availability of declarant immaterial). Mil.R.Evid. 804(b)(5) Analysis. *See also Lyons*, 36 M.J. at 186 n. 2. The availability of the declarant, however, remains a factor in determining whether the other criteria for admitting "residual hearsay" are satisfied: Does the hearsay statement have circumstantial guarantees of trustworthiness equivalent to the other specific hearsay exceptions? Is it more probative on the point for which it is offered than any other available evidence? Are the purposes of the evidentiary rules and the interests of justice served by its admission?

Secondly, we observe that the military judge's determination that the witness was unavailable for purposes of admitting his out-of-court statement under a residual hearsay exception is not inconsistent with our determination that the same witness was available for Confrontation Clause purposes. As discussed above, the presence of the witness and the content of the expected testimony were sufficient to satisfy the Confrontation Clause's requirement to afford the opportunity for effective cross-examination. As we will discuss in greater detail *infra*, there is overlap, but not congruence, between the Confrontation Clause and hearsay rules. *Green*, 399 U.S. at 155–56, 90 S.Ct. at 1933–34. The characterizations of "unavailability" are made for different purposes, and there is no requirement that they coincide. *Cf. Owens*, 484 U.S. at 564, 108 S.Ct. at 845.

█ Thirdly, and of greatest importance to the appellant's case, we are of the view that *Wright* interprets the Constitution's Confrontation Clause, but does not purport to interpret rules of evidence, *per se*. In other words, we believe that while the requirements of the Confrontation Clause's "particularized guarantees of trustworthiness" and the residual hearsay exception's "equivalent circumstantial guarantees of trustworthiness" have common features, they are *not* identical. Specifically, the two rules part company when it comes to determining whether extrinsic, corroborating evidence may be considered

as a circumstance justifying admission.[4] This point is pivotal to the appellant's case.

4. *Wright* holds that when deciding whether an out-of-court statement possesses "particularized guarantees of trustworthiness" for Confrontation Clause purposes, a court may not consider extrinsic or corroborating circumstances. In practical terms, the court could not consider the accused's own confession. *Greer.* We are of the opinion this same limitation does *not* apply in determining whether the out-of-court statement possesses "equivalent circumstantial guarantees of trustworthiness" for the purposes of Rules 803 and 804 when the Confrontation Clause, itself, has been otherwise satisfied. Because the Confrontation Clause was satisfied in the appellant's case, the practical effect of our conclusion is that the appellant's own confession could be used when determining whether his son's out-of-court statement possessed "equivalent circumstantial guarantees of trustworthiness" justifying its admission under the residual hearsay exceptions.

5. We are mindful of the Court of Military Appeals' decision in *Hines,* wherein the Court (Cox, J.) noted:

> [T]he constitutional requirement that the evidence be taken under circumstances bearing "indicia of reliability" appears on its face to be closely related to the evidentiary requirement that the evidence have "equivalent circumstantial guarantees of trustworthiness." Since, to be admissible, residual hearsay statements have to pass both constitutional and evidentiary muster, we can see no harm in "constitutionalizing" this aspect of Mil.R.Evid. 804(b)(5). Therefore, we agree with those courts that have construed these requirements to be equivalent. *See e.g., United States v. Nick,* 604 F.2d 1199, 1203 (9th Cir.1979); *United States v. West,* 574 F.2d [1131,] 1138 [ (4th Cir.1978) ].

23 M.J. at 134.

A Court of Military Review is not generally free to ignore the precedent established by the Court of Military Appeals. *United States v. Jones,* 23 M.J. 301, 302 (C.M.A.1987). However, we believe our senior Court does not intend us to be bound by a case decision mindless of the impact that subsequent developments in the law may have upon it. *Hines* predates *Wright.* Our reading of *Hines* suggests that the admissibility of the out-of-court statements there was in large part predicated on the assumption that a corroborating circumstance, namely, the accused's confession, could be considered for both Confrontation Clause and evidentiary purposes. 23 M.J. at 137–38. Since *Wright,* the Court of Military Appeals has been obliged to retreat from that position insofar as the Confrontation Clause is concerned. *Greer,* 33 M.J. at 431. Most recently, Judge Cox of the Court of Military Appeals and author of *Hines* has noted that

It requires a brief comparison of the Confrontation Clause and the hearsay exceptions.[5]

*Wright* overruled the Confrontation Clause aspects of *Hines,* but that Wright's application to residual hearsay offered under Rule 803(24) as an evidentiary matter remains an open question. *United States v. Lyons,* 36 M.J. at 188 (Cox, J., concurring); *United States v. Moreno,* 36 M.J. 107, 121 (C.M.A.1992) (Cox, J.). Meanwhile, Judge Crawford of the same Court has already expressed her view that "the factors as to 'particularized guarantees of trustworthiness' under the Confrontation Clause versus the 'guarantees of trustworthiness' under the residual hearsay rule are different." *Lyons,* 36 M.J. at 189 (Crawford, J., concurring). Whereas no harm to the fact-finding process was perceived to exist at the time of *Hines,* significant harm to it could now occur if evidence, sufficiently trustworthy to be admitted under evidentiary rules, must be formalistically excluded under Confrontation Clause requirements even though the Confrontation Clause has, itself, been satisfied. Therefore, we believe on remand the Court of Military Appeals expected that this Court would be free to consider whether *Hines* has continued vitality insofar as it welded the residual hearsay exception to the Confrontation Clause.

The Confrontation Clause's test of "particularized guarantees of trustworthiness" is linguistically very similar to the residual hearsay exception's test of "equivalent circumstantial guarantees of trustworthiness." While such similarities are useful, they do not mandate the conclusion that the tests must be equivalent. *Cf. Owens,* 484 U.S. at 564, 108 S.Ct. at 845. We are also mindful of *Wright*'s quotation of *Huff v. White Motor Corporation,* 609 F.2d 286 (7th Cir. 1979), wherein the Seventh Circuit Court of Appeals observed (609 F.2d at 292): "The circumstantial guarantees of trustworthiness on which the various specific exceptions to the hearsay rule are based are those that existed at the time the statement was made and do not include those that may be added by using hindsight." *Wright,* 497 U.S. at 819, 110 S.Ct. at 3149. By quoting with approval this passage from *Huff v. White Motor Corporation,* arguably the Supreme Court was holding that when determining whether there are "equivalent circumstantial guarantees of trustworthiness" under the residual hearsay exceptions, the fact-finder is similarly limited to circumstances surrounding the taking of the out-of-court statement and may not consider corroborating evidence, no matter how pertinent. We, however, are reluctant to read too much into *Wright.* The Court was closely divided on the Confrontation Clause issue, and it took great care not to equate the evidentiary rules with the Confrontation Clause.

The Army Court of Military Review has considered the same issue in *United States v. Palacios,* 32 M.J. 1047 (A.C.M.R.1991), but found it unnecessary to resolve because it did not affect

The Confrontation Clause and the evidentiary hearsay rule stem from the same roots and are generally designed to protect similar values, but the Supreme Court has not viewed them as congruent, and in *Wright* it took care not to equate the two. *Wright*, 497 U.S. at 814, 110 S.Ct. at 3146; *Dutton v. Evans*, 400 U.S. 74, 86, 91 S.Ct. 210, 218, 27 L.Ed.2d 213 (1970); *Green*, 399 U.S. at 155–56, 90 S.Ct. at 1933–34. The Confrontation Clause "helps assure the 'accuracy of the fact-finding process,'" and denial of confrontation "calls into question the ultimate 'integrity of the fact-finding process.'"[6] *Chambers v. Mississippi*, 410 U.S. 284, 295, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973) (quoting *Dutton v. Evans* and *Berger v. California*, 393 U.S. 314, 315, 89 S.Ct. 540, 540, 21 L.Ed.2d 508 (1969)). To achieve its values, the Confrontation Clause: (1) insures the witness is placed under oath and is subject to the penalty for perjury, thus impressing upon the witness the seriousness of the matter and his obligation to tell the truth, (2) forces the witness to submit to cross-examination, "the greatest legal engine ever invented for the discovery of the truth," and (3) aids the jury in determining the witness' credibility by observing his demeanor. *Green*, 399 U.S. at 158, 90 S.Ct. at 1935. "The combined effect of these elements— physical presence, oath, cross-examination, and observation of demeanor by the trier of fact—serves the purposes of the Confrontation Clause by ensuring that evidence admitted against an accused is reliable and subject to the rigorous adversarial testing that is the norm of Anglo–American criminal proceedings." *Maryland v. Craig*, 497 U.S. 836, 844, 110 S.Ct. 3157, 3163, 111 L.Ed.2d 666 (1990). In addition to promoting reliability in the fact-finding process, the Confrontation Clause serves "symbolic goals." *Lee v. Illinois*, 476 U.S. 530, 540,

106 S.Ct. 2056, 2061, 90 L.Ed.2d 514 (1986). "Given [the] human feelings of what is necessary for fairness, the right of confrontation 'contributes to the establishment of a system of criminal justice in which the perception as well as the reality of fairness prevails.'" *Coy v. Iowa*, 487 U.S. 1012, 1018–19, 108 S.Ct. 2798, 2801–02, 101 L.Ed.2d 857 (1988) (quoting *Lee v. Illinois*, 476 U.S. at 540, 106 S.Ct. at 2061).

"The hearsay rule is based on experience and grounded in the notion that untrustworthy evidence should not be presented to the trier of fact." *Chambers*, 410 U.S. at 298, 93 S.Ct. at 1047. Hearsay statements are traditionally excluded for the same reasons articulated respecting violations of the Confrontation Clause, that is, they lack conventional indicia of reliability: they are not made under oath or other circumstances impressing the declarant of their solemnity, there is no cross-examination, and there is no opportunity to judge the declarant's demeanor. *Id.* However, "a number of exceptions [to the rule against hearsay] have developed over the years to allow admission of hearsay statements made under circumstances that tend to assure reliability and thereby compensate for the absence of the oath and opportunity for cross-examination." *Id.* at 298–99, 93 S.Ct. at 1047. Aside from the residual hearsay exceptions, the Military Rules of Evidence set out 27 exceptions to the rule against hearsay, plus two other circumstances in which out-of-court statements are not classified as "hearsay" and hence do not fall within the rule against hearsay. Mil. R.Evid. 801(d), 803, 804. These specific exceptions derive their reliability from the circumstances under which they were made or the statement's content.

---

the outcome of the case. 32 M.J. at 1051 n. 7. *But see United States v. Pacheco*, 36 M.J. 530 (A.C.M.R.1992); *United States v. Valdez*, 35 M.J. 555, 563 (A.C.M.R.1992); *United States v. Pollard*, 34 M.J. 1008, 1011 (A.C.M.R.1992). The Air Force Court of Military Review appears to have been presented with a similar issue in *Ortiz*, and appears to have found "equivalent circumstantial guarantees of trustworthiness" in a battered spouse's written statement to a secu-

rity police investigator from corroborating statements she made earlier. 34 M.J. at 835.

6. "[T]he mission of the Confrontation Clause is to advance a practical concern for the accuracy of the truth-determining process in criminal trials by assuring that the trier of fact [has] a satisfactory basis for evaluating the truth of the prior statement." *Dutton v. Evans*, 400 U.S. at 89, 91 S.Ct. at 219–20.

■ The residual hearsay exceptions, themselves, apply only to highly reliable and necessary evidence. *United States v. Giambra*, 33 M.J. 331, 334 (C.M.A.1991). In fact, Rules 803(24) and 804(b)(5) are taken from Federal Rules of Evidence 803(24) and 804(b)(5) without change. Mil. R.Evid. 803(24), 804(b)(5) Analysis. These evidentiary rules are to be employed in the same manner their federal counterparts are generally applied in other federal courts. *Powell*, 22 M.J. at 143. In adopting the Federal Rules, Congress "intended that the residual hearsay exceptions will be used very rarely, and only in exceptional circumstances." S.Rep. No. 1277, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N. 7051, 7065, *cited in United States v. Guaglione*, 27 M.J. 268, 274 (C.M.A.1988). The trial judge, however, has considerable discretion in determining the trustworthiness and admissibility of a statement under the residual hearsay exception. *Powell*, 22 M.J. at 145; *Ortiz*, 34 M.J. at 835; *Lyons*, 33 M.J. at 543. "[T]he facts of individual cases will frequently defy the application of hard-and-fast rules. Rather, what must generally occur is the balancing of a variety of circumstances unique to a particular case." *Powell*, 22 M.J. at 145.

■ In summary, the Confrontation Clause and hearsay rules overlap, but they are not congruent. They have similar roots and share similar values. They both share the common goal of promoting accuracy in fact-finding. They achieve those goals by somewhat different means. The Confrontation Clause focuses primarily on the mechanism of cross-examination, whereas the hearsay exceptions focus on associated circumstances from which the trial judge gleans a level of confidence in the evidence's trustworthiness meriting its consideration by the jury. For this purpose, oath, physical presence of the witness and cross-examination are relevant circumstances in judging trustworthiness, but not the sole means. The Confrontation Clause directly promotes a symbolic value—public confidence in the fact-finding process. The objective of the hearsay rules appears to be more pragmatic. It only promotes this additional value indirectly. Such a differentiation in values is consistent with the different sources of the Confrontation Clause and the rules of evidence—the former being constitutional, the latter statutory and regulatory. Simply put, the Confrontation Clause embodies a fundamental constitutional right. The hearsay rules do not.

■ With these similarities and differences in mind, we are of the view that if the fundamental objectives of the Confrontation Clause, including its symbolic goal, have been achieved, there is no purpose to loading baggage on the hearsay rules which interferes with their sole objective of advancing the quest for the truth. More specifically, we see no reason to impose an arbitrary limitation on the range of circumstances the military judge may consider when determining whether hearsay possesses "equivalent circumstantial guarantees of trustworthiness" justifying its admission as an exception to the hearsay rule. In short, we hold that when the Confrontation Clause is otherwise satisfied, the military judge possesses the discretion to consider the totality of circumstances, *including* corroborating evidence, in determining whether hearsay has "equivalent circumstantial guarantees of trustworthiness" warranting its admission under the residual hearsay exceptions. *Cf. United States v. Hines*, 23 M.J. 125 (C.M.A.1986); *United States v. Yeauger*, 24 M.J. 835 (N.M.C.M.R. 1987), *aff'd*, 27 M.J. 199 (C.M.A.1988), *cert. denied*, 490 U.S. 1005, 109 S.Ct. 1638, 104 L.Ed.2d 154 (1989). *See also Quick*, 26 M.J. at 461; *Powell*, 22 M.J. at 145.

We turn therefore to the evidentiary question: Whether the military judge abused his discretion in admitting the child's out of court statement as residual hearsay? We acknowledge we are at somewhat of a handicap because the military judge did not give his rationale. *Hines*, decided after appellant's case was tried, now clearly requires the military judge to state on the record the specific facts and circumstances which he thinks indicate that the hearsay statements have a sufficiently high degree of trustworthiness and necessity to justify their admission.

*Hines,* 23 M.J. at 135. Clearly, something more than a mantra is contemplated. *See United States v. Brown,* 34 M.J. 1024, 1026 (N.M.C.M.R.1992). Having said as much, we believe the record is sufficient for us to make an informed decision.

■ We apply the criteria set forth in Rule 803(24). The out-of-court statement was of a material fact. It was the victim's own confirmation that he had been sexually abused by his father. It appears there is no evidence more probative on the alleged crimes which the Government could procure with reasonable efforts. The child's out-of-court statement appears to be the only piece of evidence corroborating the appellant's confession. Mil.R.Evid. 304(g). There is nothing indicating other witnesses were present, and the likelihood that there were other witnesses is extremely remote. The general purpose of the rules and the interest of justice were served by admitting the statement in evidence. Again, the child's statement appears to be the only piece of corroborating evidence available, and it is in the interest of justice to protect children from unnecessary trauma and embarrassment in the courtroom. *Cf. Maryland v. Craig,* 497 U.S. at 851, 110 S.Ct. at 3167. Finally, we find the following equivalent circumstantial guarantees of trustworthiness: (1) the child's statement was taken by two persons, both of whom were called to explain the circumstances surrounding its recordation; (2) prior to taking the statement, an agent impressed upon the child the importance of telling the truth and the child swore to tell the truth; (3) the child was speaking from first hand knowledge; (4) no cogent motivation for the child to lie was suggested; (5) about two weeks after making the statement to NIS, the child was examined by a clinical psychologist who testified that child's symptoms were consistent with a sexually-abused child, that the child confirmed the acts of sodomy by his father, that the child expressed no ill will to his father, and that he was in fact concerned his father would be punished; (6) the same psychologist also testified that he had listened to the audiotapes of the NIS interview, that at time the child was a very pressured little boy, but from a clinical and structural point, his basic personality and integrity were quite intact, and that from his evaluations the child would not create anything out of his own fantasy or make statements that did not have some objective validity (*see United States v. Suarez,* 35 M.J. 374, 376 (C.M.A.1992)); (7) the child was available to testify; and (8) the child's statement and the appellant's own confession which preceded it were mutually corroborating.[7] *See Yeauger; Hines; Powell.* Based on these circumstances, we conclude the military judge did not abuse his discretion in admitting the child's out-of-court statement.

## II.

The second issue on remand was briefed and decided in our first affirmance of appellant's conviction and sentence. *United States v. Martindale,* No. 85–0771 (N.M.C.M.R. 20 December 1985). The appellant has offered nothing new in respect to this assignment of error. We reaffirm our previous holding. We note in particular: (1) that Secretary of the Navy Instruction 1752.3 was issued after the appellant made his statement to NIS; (2) that the instruction does not grant transactional immunity;[8] (3) that insofar as the instruction might be read to grant a use immunity to those who voluntarily refer themselves to the Family Advocacy Program, it was not violated in the appellant's case because his statements to Family Advocacy Program personnel were never used in evidence against him; (4) that the appellant was

---

7. *See Bourjaily,* 483 U.S. at 179–80, 107 S.Ct. at 2781 (["I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts ... [A] piece of evidence, unreliable in isolation, may become quite probative when corroborated by other evidence.")

8. Implied grants of immunity are in disfavor. *United States v. Sanders,* 33 M.J. 1026 (N.M.C.M.R.1991). *See also United States v. Cooper,* 35 M.J. 417 (C.M.A.1992) (in the absence of prejudice to the accused, dismissal is not mandated for violations of internal departmental policies by criminal investigators and informants). .

informed by Family Advocacy Program personnel that there was a possibility of prosecution; (5) that prior to appellant's confessing to NIS, the interrogating NIS agent expressly informed the appellant that prior statements by him could not be used against him, but that future statements made by him could be; (6) that nothing done by government representatives either gave the appellant a legitimate and reasonable expectation that he would not be subjected to punitive action or constituted an agreement upon which the appellant reasonably relied to his detriment (*United States v. Churnovic*, 22 M.J. 401 (C.M.A. 1986); *United States v. Brown*, 13 M.J. 253 (C.M.A.1982); *United States v. Zupkofska*, 34 M.J. 537 (A.F.C.M.R.1991); *United States v. Spence*, 29 M.J. 630 (A.F.C.M.R. 1989)); and, (7) that assuming information concerning the appellant's child abuse improperly came to NIS' attention, the appellant's confession, made after complete warnings, including a "cleansing warning," and a waiver of the privilege against self-incrimination, was free of any taint that might have resulted from an alleged improper disclosure. *United States v. Norfleet*, 36 M.J. 129 (C.M.A.1992) (unwarned admissions of child abuse made to a civilian contract counselor at a Family Service Center did not preclude introduction of subsequent warned admissions to NIS); *United States v. Williams*, 35 M.J. 323 (C.M.A. 1992) (results of voluntary urinalysis and confession to drug use were not the product of a prior urinalysis arguably inadmissible on the basis of an Air Force directive, rejecting the "but for" test for taint).

### III.

Accordingly, the findings and sentence are reaffirmed.

Senior Judges STRICKLAND and ORR concur.