UNITED STATES, Appellee

v.

Ronald E. MARTINDALE Cryptologic Technician Second Class, U.S. Navy, Appellant.

No. 54,536.
CMR No. 85 0771S.

U.S. Court of Military Appeals.

Argued April 7, 1994.

Decided Sept. 16, 1994.

For Appellant: *Lieutenant Lisa M. Higdon*, JAGC, USNR (argued).

For Appellee: *Captain A. Diaz*, USMC (argued); *Colonel T.G. Hess*, USMC, *Commander S.A. Stallings*, JAGC, USN, *Major Laura L. Scudder*, USMC (on brief); *Lieutenant Commander Lawrence W. Muschamp*, JAGC, USN.

*Opinion of the Court*

COX, Judge:

The lengthy appellate history of this case has already been extensively chronicled. *See United States v. Martindale*, 30 MJ 172 (CMA 1990), *opinion vacated*, 32 MJ 33 (CMA 1990); and *United States v. Martindale*, 36 MJ 870, 872 (NMCMR 1993) (on remand). Appellant stands convicted of at-

tempted sodomy (2 specifications); sodomy (13 specifications); and committing an indecent act with a minor, in violation of Articles 80, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 880, 925, and 934, respectively. All offense were committed by appellant on his adopted, learning-disabled son, who was under the age of 16.

We granted review of three issues. 39 MJ 69. The first issue questions whether the Court of Military Review erred in holding that the hearsay declarant was available for cross-examination under the Confrontation Clause of the Sixth Amendment. The second issue questions whether that same court erred in holding that corroborating evidence can be used to determine the "equivalent circumstantial guarantees of trustworthiness" requirement of the residual hearsay evidentiary rules. The final issue questions whether that court erred in holding that the Secretary of the Navy's Instruction 1752.3 was not violated in this case. For the reasons indicated by the Court of Military Review, we affirm.

■ The first two issues are resolved by our recent opinion in *United States v. McGrath*, 39 MJ 158 (1994), where a majority of this Court came to the same conclusions, for the same reasons as did the Court of Military Review, regarding the applicability of *Idaho v. Wright*, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). Both our *McGrath* opinion and the opinion below held that the *Wright*–Sixth Amendment rule, precluding use of corroborating evidence to buttress the "indicia of reliability" of hearsay statements for confrontation purposes, did not apply when the right to confront the hearsay declarant was expressly waived at trial. 39 MJ at 163–67; and 36 MJ at 873–81. In other words, an accused cannot eschew confrontation at trial and then prevail on appeal on a denial-of-confrontation theory. In addition, both this Court's opinion in *McGrath* and the opinion below concluded that it was permissible to analyze the reliability *level* of the "equivalent circumstantial guarantees of trustworthiness" prong of the residual hearsay rules (Mil.R.Evid. 803(24) and 804(b)(5), Manual for Courts–Martial, United States, 1984) unencumbered by the *Wright*–Sixth Amendment restriction, where confrontation was so waived. 39 MJ at 166–67; and 36 MJ at 880–81.

The instant case featured an unusually unexpected and voluntary confession of crime. 30 MJ at 173. The hearsay statement in issue was offered to corroborate the confession. The witness-declarant was tendered to the defense, but the defense expressly waived the right to be confronted by the witness at trial. *See* 36 MJ at 875. Therefore, appellant's confrontation claim is without merit. *United States v. McGrath, supra.* In addition, we previously sustained the judge's ruling on the "equivalent circumstantial guarantees of trustworthiness" requirement of the residual hearsay rule (*i.e.*, the level of reliability), based in part upon the multitude of evidence presented at the suppression-motion hearing to corroborate the hearsay statement. 30 MJ at 175. We adhere to our prior ruling in that respect.

■ Appellant's final claim is that Secretary of the Navy Instruction 1752.3 (the "Family Advocacy Program") provided appellant immunity for his incriminating statements. Appellant originally blurted out his astonishing confession to an Overeaters' Anonymous counselor at a program being conducted at a naval hospital. Later, appellant repeated his statement to a Family Advocacy advisor and, after purgative warnings, to a Naval Investigative Service (NIS) agent. With respect to the applicability of and effect of this Instruction on these facts, we concur fully with the Court of Military Review that appellant's statement to the NIS agent was neither tainted nor barred by a grant of immunity. 36 MJ at 881–82.

The 1993 decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Judges CRAWFORD and GIERKE concur.

SULLIVAN, Chief Judge (dissenting):

I respectfully dissent from the majority's opinion for the reasons set forth in my separate opinion in *United States v. McGrath*, 39 MJ 158, 169 (CMA 1994). Specifically, the Court of Military Review erred by relying on

corroborating evidence, *i.e,* the testimony of the clinical psychologist and appellant's confession, in concluding that the military judge did not abuse his discretion in admitting the victim's out-of-court statement. 36 MJ 870, 881 (1993). Therefore, I would reverse the decision of the appellate court below and remand this case to that court for further reconsideration in light of *Idaho v. Wright,* 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). *See United States v. McGrath, supra* (Sullivan, C.J., dissenting). In light of my resolution of the second granted issue, I need not comment on the other granted issues.

WISS, Judge (dissenting):

For the reasons set forth in my separate opinion and that of the Chief Judge, in which I joined, in *United States v. McGrath,* 39 MJ 158, 172, and 169 (CMA 1994), I dissent from the majority opinion as to Issues I and II. *See also United States v. Martindale,* 30 MJ 172, 175–77 (Everett, C.J., dissenting). I would set aside the findings and sentence and, given the state of the record, dismiss the Charges and specifications. In this light, I do not need to address Issue III.