SULLIVAN, Judge
(concurring in the result):
I vote to affirm this case, but I do so via a different path. I do so since the majority opinion’s approach to this case troubles me. It first suggests that appellant’s constitutional right to confrontation was not an issue because Mrs. Bridges was called to the stand as a witness prior to the admission of her hearsay statement under Mil.R.Evid. 804(b)(5). 55 MJ at 63-64. A similar question was addressed by the Supreme Court in United States v. Owens, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988). See also Delaware v. Fensterer, 474 U.S. 15, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985). There, the Supreme Court said that the constitutionally required “guarantees of trustworthiness” are not “called for when a hearsay declarant is *65 present at trial and subject to unrestricted cross-examination.” Id. at 560, 108 S.Ct. 838 (emphasis added). Clearly, Mrs. Bridges was not subject to unrestricted cross-examination in this case because she refused to answer any questions. See United States v. Vernor, 902 F.2d 1182, 1186 (5th Cir.1990) (hearsay statement of witness who asserted Fifth Amendment privilege subject to constitutional standard of trustworthiness). Even United States v. McGrath, 39 MJ 158, 163 (CMA 1994), recognized this point.
Merely bringing an appellant and witness face-to-face and asking the judge to order a recalcitrant witness to testify does not constitute an effective or meaningful opportunity for cross-examination. The prosecution had elicited precious little information about Julia Bridges that could be questioned by defense counsel. Requiring a defense counsel in this situation to conduct a pointless cross-examination (or, alternately, asking the judge to order the witness to testify) in order to preserve an accused’s confrontation rights is equally hollow, i.e., “The law does not require the doing of a futile act.” Ohio v. Roberts, 448 U.S. 56, 74, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). A need for a constitutional showing of trustworthiness existed in this case. See United States v. Vemor, supra.
Next, the majority opinion appears to hold that there is no constitutional confrontation issue in this case because appellant waived his right to cross-examine Mrs. Bridges. Its analysis focuses on the decision of this Court in United States v. McGrath, supra, but overlooks applicable Supreme Court precedent on waiver of the constitutional right to confrontation. See Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966). I find this approach unsatisfactory.
In Brookhart v. Janis, the Supreme Court addressed waiver of the right to confrontation as follows:
The question of a waiver of a federally guaranteed constitutional right is, of course, a federal question controlled by federal law. There is a presumption against the waiver of constitutional rights, see, e.g., Glasser v. United States, 315 U.S. 60, 70-71, 62 S.Ct. 457, 86 L.Ed. 680, and for a waiver to be effective it must be clearly established that there was “an intentional relinquishment or abandonment of a known right or privilege.” Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461.
In deciding the federal question of waiver raised here we must, of course, look to the facts which allegedly support the waiver. Upon an examination of the facts shown in this record, we are completely unable to agree with the Supreme Court of Ohio that the petitioner intelligently and knowingly waived his right to cross-examine the -witnesses whose testimony was used to convict him.
384 U.S. at 4-5, 86 S.Ct. 1245 (footnote omitted).
Turning to the facts of appellant’s ease, as described by the majority opinion, I see no waiver by appellant of his right to cross-examine his wife. More is required than a failure of defense counsel to cross-examine the witness. See Hawkins v. Hannigan, 185 F.3d 1146, 1155 n. 5 (10th Cir.1999), citing Cruzado v. People of Puerto Rico, 210 F.2d 789, 791 (1st Cir.1954) (approving waiver by defense counsel stipulation); United States v. Figueroa, 976 F.2d 1446, 1457 (1st Cir.1992). Here defense counsel was told in advance by the witness that she would answer no questions. There was no stipulation in this case, and I see no strategic inaction in his subsequent failure to question this recalcitrant witness. United States v. McGrath, supra at 170 (Sullivan, J., dissenting) (defense offered chance to cross-examine victim but declined after witness asserted that she would not answer).
Since I see a confrontation issue in this case, my remaining question is whether there were particular guarantees of trustworthiness surrounding the making of Mrs. Bridges’ out of court statement which warranted its admission at appellant’s court-martial. In my view, Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), not McGrath or United States v. Martindale, 40 MJ 348 (CMA 1994), controls.
Here, there were several factors surrounding the making of her statement which *66 provided the necessary particularized guarantees of trustworthiness. Mrs. Bridges’ statement was handwritten shortly after the alleged incident on December 8, 1997; it was made to security forces called to the scene by Annette Richner at the request of Mrs. Bridges; Ms. Richner also said Mrs. Bridges was hysterical shortly after the alleged incident before making the statement; another witness stated that she heard appellant yelling at his daughter through the wall of their duplex-type, on-base residence shortly before her statement was made; and finally, evidence was admitted that Mrs. Bridges made a second consistent statement at Abilene Regional Hospital, 90 minutes later, when she sought medical treatment for her two children. See United States v. Orena, 32 F.3d 704, 712 (2d Cir.1994) (statements made during life and death battle); United States v. Bradley, 145 F.3d 889, 895 (7th Cir.1998) (admission of wife’s statement to officers responding to emergency call satisfies Idaho v. Wright); cf. United States v. Mitchell, 145 F.3d 572, 579 (3d Cir.1998) (admission of anonymous note violates Idaho v. Wright).